## MILTENBERGER *v.* BEACOM.

Where an insurance is made generally by one having an interest, and he receives the amount of the loss; another owner may recover from him on proving that the insurance was made on his interest, without showing a previous request to make the insurance.

And where lessor on ground-rent has entered for the arrears, under a covenant that he may hold until the arrears are paid, and states an account with the sub-lessees of the rents received, in which he charges them with the premium: it is a question for the jury, whether he intended the insurance to cover their interest, though they have objected to the account generally.

IN error from the District Court of Allegheny.

Assumpsit. The defendant demised certain premises to Clements, reserving a perpetual rent, with a covenant that the lessor might re-enter and hold until the arrears were paid. Clements demised part of the premises to the ancestor of the plaintiffs.

The rent being in arrear, defendant entered. Whilst in possession he effected a policy of insurance on the property in his own name, and, as was stated by the insurers' agent, as his own. He furnished to the plaintiffs accounts of the rents received, and charged them with the premiums of the insurance, and the same charge appeared in his books. This account was objected to by the plaintiffs, and account render brought; but the record did not show what were the grounds of the objection, nor was the evidence of the referee in that action (stated in the opinion of this court) upon the paper-book. The policy contained a stipulation that the insurers might repair, and that the policy should not be assignable but on consent of the insurers. The houses were burned whilst defendant was in possession, and this action brought by the plaintiffs, as owners of the property, to recover the amount received by defendant, on account of the loss.

LOWRIE, J., instructed the jury, the defendant was the agent of plaintiffs, but not bound to keep the property insured, and the policy was evidence he insured his own interest only, in which event plaintiffs could not recover. But that the accounts and other matters showed he considered himself entitled to insure as their agent, and at their expense, and if he did so, he could not afterwards assert that he had not acted as their agent, and he must account for the amount received, deducting the premium.

*Craft*, for plaintiff in error.

*T. Hamilton* and *T. Williams*, contrà.

*Oct.* 16. BELL, J.—It is the observation of Marshall, in his Treatise on Insurance, that it would be extremely difficult to give any accurate definition of an insurable interest. The complicated rights which different persons may have in the same thing, require that not only the owner of the absolute property, but those, also, who have a limited interest, may be at liberty to protect it by insurance. It is accordingly recognised as a rule in this department of the law, that almost any qualified property in the thing insured, or any reasonable expectation of profit or advantage to spring from it, may be the subject of this species of contract, provided it be founded in some legal or equitable title: Marshall on Ins. 105. Thus a disseisor, especially after the right of entry is tolled, may represent the estate as his own, and effect an insurance of it, for he is the owner, though his title be defeasible: Curry *v.* The Com. In. Co., 10 Pick. 541. So may a mortgagor, to the full value of the estate, after it has been taken out of his hands by the mortgagee, if the right to redeem still resides in the former: Columbia Ins. Co. *v.* Lawrence, 2 Pet. S. C. Rep. 25. And a consignee who has accepted bills on the credit of the goods consigned (Wolff *v.* Horncastle, 1 Bos. & Pul. 316), or made advances on the faith of the consignment, may insure them in his own name: Parks et al. *v.* The General Ins. Co. 5 Pick. 34. In Strong *v.* The Manufacturers' Ins. Co., 10 Pick. 43, it is said that the value of the plaintiff's interest in the subject insured is not material. If he had an insurable interest at the time the policy was effected, and also at the time of the loss, he may recover the whole amount of damages done to the property, not exceeding the sum insured. Under this doctrine it is scarcely to be doubted that the plaintiff in error, having entered upon the demised premises by virtue of the covenants contained in the instrument called a perpetual lease, and looking to the tenements thereon erected as the chief, if not only, source of payment of the rent in arrear, had such an interest in them as was insurable to the extent of their value. The destruction of these houses involved as well the means of payment of existing arrears as of future rents. It was, therefore, the interest of the plaintiff in error to preserve them, or to secure the means of rebuilding them in the event of disaster. In this respect, his relation to the property was, in principle, similar to that of an insuring consignee to secure advances; or of the possessor of a qualified interest in the premises, subject to defeasance, as, for instance, a mortgagee or disseisor. I can, therefore, perceive no legal objection to a policy on the houses in question, purchased by

him in his own name, and intended to cover only his interest in the annual rent. But were this otherwise, it seems to be settled that one who has, in fraud of the underwriters, received a sum insured by him to protect a pretended interest without existence, is not liable over to the owner of the property described in the policy. In Grant v. Hill, 4 Taunt. 380, Sir James Mansfield declares that such wrongful receipt, without any consideration, would not operate to convert the party into a trustee of the true owner, and consequently the latter could not recover in an action for money had and received; and in this the whole court concurred.

But, on the other hand, it is very clear one may insure, in his own name, the property of another for the benefit of the owner, without his previous authority or sanction; and it will enure to the party intended to be protected, upon his subsequent adoption of it, even after a loss has occurred. This doctrine was asserted in Durand v. Thouron, 1 Porter's Ala. Rep. 238, and Watkins v. Durand, Ib. 251. In the first of these cases, the policy was of the goods in the defendant's store, without discrimination; but it appeared the plaintiff's goods, which had been deposited with the defendant for sale, were included in the list of goods insured; and the defendant, after the loss, promised to account with the plaintiff for their proportion of the subscription. On the trial, the defendant requested the court to instruct the jury, that if no instructions to insure were given by the plaintiff, when the goods were deposited or before the fire, the goods were not covered. This the court refused to do; and, on error brought, this refusal was sanctioned by the Supreme Court, saying the case was properly put on the ground that the defendant's promise to account contained an admission that he had insured for and on account of the plaintiffs. In the second case, the assurance effected by the defendant was of "goods belonging to himself, or held in trust or on commission." In both, the plaintiffs were allowed to recover in an action for money had, although the amount of the insurance was less than the value of the defendant's proper goods destroyed. In Hagedorn v. Oliverson, 2 Maul. & Selw. 485, a ship bound to foreign ports was insured by one having no personal interest in her, in his own name and for every person to whom the same appertained. This was done without the previous authority of the owner, for whose benefit the insurance was in fact effected. He gave it no sanction before the loss of the ship, but afterwards adopted the policy; and it was held he was entitled to recover directly against the underwriter. This case is commented on by

Hughes, in his Treatise on Insurance, p. 41.   He says of it, that the insurance being for the benefit of the owner, the reasonable presumption was that he would adopt the act; and although he was under no legal obligation to repay the premium to the party negotiating the policy, there was such a moral obligation as furnished a sufficient consideration to support his adoption of it, after the happening of the loss.

These authorities abundantly prove that the contract of assurance, like other contracts, may be effected by the agency of a third person, without the authority of the party to be benefited, if he subsequently recognise it.   It is true, that to enable the beneficiary to sue upon it directly, he must be expressly named, or the policy must be so framed as to cover, generally or specially, the interest of all concerned.   But where the agent receives the fund, this, as the authorities show, is not necessary to the support of an action for money had and received.   In such case it is sufficient to prove the defendant constituted himself the representative of the interest insured, as agent of the owner, and that the latter ratified the act, before or after the loss suffered.   In the present instance, the only question was, did Miltenberger act as the agent of the owners of the property, in procuring the insurance ?   This, of course, was a question of fact for the jury, and was so submitted by the court.   Was there any evidence of it ?   In the account furnished to the plaintiffs below by the defendant, showing, as he averred, the condition of their pecuniary relations, there is a charge for four years' services in collecting rents, $40, and another, for premiums paid for insurance in 1845 and 1846, $22.50.   In his books of account, produced on the trial, there is a similar entry, and it is conceded they relate to the subject of this contest.   These certainly furnish some ground for the inference, that when the insurance was procured, the defendant regarded himself as the representative of the owners, and acted for the protection of their interests as well as his own.   Why charge them with the premiums if they were to take nothing in any event under the risk ?   But it is said the plaintiffs repudiated the charge of the premium, and thereby, instead of adopting, disavowed the act of the defendant. Upon this point, we have only the evidence of Mr. Hamilton, who simply says the account was not adopted by the plaintiff.   It is asserted here, this was because the defendant charged interest on the arrears of rent, and refused to allow it on the sums collected by him.   The record does not show the reason of its rejection; and as it contained several items of debit and credit, we cannot

take it for granted, in the absence of proof, that it was disallowed because of the charge of the premium.   It is said, too, this charge was excluded from the account stated by the referees, in the action of account render, with the assent of the plaintiffs.   But the testimony of the referee examined is, that it was agreed by the parties not to introduce the subject of the insurance there, inasmuch as another suit—the present—was pending to test their rival claims to the sum received from the underwriters.   These adverse allegations were legitimate subjects for the jury, and were doubtless pressed upon their attention by the counsel of the respective parties.

The inference of agency is also supported, in a considerable degree, by the stipulations of the policy itself.  By its terms, it was left in the option of the insurance company, in case of loss, either to restore the buildings to their original condition, or pay the amount of the assessed damages.   Had the company re-erected the houses, it cannot be thought they would have been the property of the defendant, to the exclusion of the former owners, and it is difficult to imagine that he supposed an election to pay the damages suffered, would work a change in the relative rights of the parties. A jury might, therefore, well be content with slighter proof *aliunde*, than would be satisfactory in other cases, to establish the conclusion that the defendant, from the beginning, regarded the sum insured, as representing the property in the tenements.   But it is enough here, that they have acted upon some proof in finding his receipt of it a trust.

The defendant, however, principally complains of that part of the charge in which the court asserts, that having entered under the deed of perpetual lease, to collect the arrears of rent, he became the agent of the plaintiff.   Admitting the proposition to be incorrect, a candid examination of the whole charge will make it manifest the inaccuracy did the defendant no harm.   The court expressly instructed the jury, that under the supposed agency he was not bound to insure for the benefit of the plaintiffs, and refer them to the other proofs in the case, as furnishing the only evidence upon which the presence of an agency in the transaction of the policy can be established.

Judgment affirmed.