## SHAWMUT SUGAR REFINING COMPANY *vs.* HAMPDEN MUTUAL INSURANCE COMPANY.

A policy of insurance to " K. and others " on stock in process of manufacture, may be shown by parol evidence to have been issued to a corporation in which K. was a stockholder, having no other title in the property; and upon proof of that fact an action may be maintained thereon by the corporation in their own name; and evidence that before the policy was issued K. owned the property and had made an agreement to sell it to them, under which they had entered into possession, and carried on alone the business of manufacturing, and the application for insurance was made by one of their directors, who procured the insertion of a provision therein making it payable to the corporation in case of loss. tends to prove that fact.

ACTION OF CONTRACT upon a policy of insurance to " P. E. Kingman and others of Boston, on their sugars in process of refinery and machinery $1500, sugar in store-house $1000, in wood buildings in Dedham, Mass., payable in case of loss to the Shawmut Sugar Refining Company." By indorsement, consented to by the defendants, Kingman assigned his interest in the policy to the plaintiffs. Trial in the superior court of Suffolk at November term 1857, before *Huntington,* J., when a verdict was taken for the plaintiffs for the amount of the premium only, and they alleged exceptions, upon the grounds stated in the opinion

*E. F. Hodges*, for the plaintiffs.

*O. Stevens*, for the defendants.

MERRICK, J.    The policy declared on in this case was issued by the defendants to " P. E. Kingman and others of Boston," on their application.    After the plaintiffs had introduced upon the trial all their evidence, it was objected that it was insufficient to maintain the action, and a nonsuit was moved for.    This was resisted by the plaintiffs, who contended, among other claims preferred by them, that upon the evidence produced and the facts proved by it, the jury could properly find that they were the parties insured, and that " P. E. Kingman and others," as used in the policy, was a description of and meant the said King- . man and the Shawmut Sugar Refining Company.

This claim was thus formally made, and distinctly brought to the attention of the court.    But the question whether the plaintiffs were in fact a party to the contract, though material to the issue and of vital importance to them, was not submitted to the determination of the jury.    On the contrary, under various rulings, to which it is not necessary particularly to advert, a formal verdict by direction of the court was taken for the plaintiffs for the amount of the premium only.    If therefore the plaintiffs had a right to show that, though not named or mentioned in the policy by their corporate name, they were described in it by a name which was applicable to and intended for them, that they were in truth one of the parties to the contract, and that their property was insured by it against the hazard of loss by fire, according to its terms and provisions ; and if the evidence adduced upon the trial was such that in the opinion of the court the jury would have been authorized to deduce those alleged facts as inferences from it ; the exceptions taken by the plaintiffs should be sustained and a new trial granted.    For these facts, if established, must have had a material influence upon the decision of the issue to be determined ; and might perhaps have been considered of sufficient weight and importance to have induced, in connection with the other evidence, an actual verdict against the defendants.

Upon examination of the policy it becomes at once apparent

that while its object and purposes are distinctly developed, and all the stipulations contained in it are expressed in clear and intelligible terms, it is necessary to resort to some external proof to ascertain who are the contracting parties. Words are used in this contract which may be applied with equal propriety to many different persons. It is an ambiguity which needs explanation, and which the law allows to be explained. For the purpose of determining who takes, or is entitled to take, an interest in any written instrument, every material fact that will enable the court to identify the person mentioned in it is admissible in evidence. *Shore* v. *Wilson*, 9 Cl. & Fin. 556. The words " P. E. Kingman and others " in the policy, as descriptive of the persons or party insured, are obviously indefinite and uncertain. But this is no reason why the real party in interest, whoever he may be, should lose or be deprived of his rights under the contract; and the law accordingly allows him to remove this uncertainty by any legal and competent proof. This differs very little, if at all, from the frequent and familiar inquiry, never denied if there be any occasion for prosecuting it, to ascertain who are the individuals associated together as partners, doing business under, and bound by contracts executed in, the name of their firm The rule or principle upon which this is allowed was stated and illustrated by Rolfe, B., in a few simple but expressive words " Speaking philosophically," he said, " you must always look beyond the instrument itself, to some extent, to ascertain who is meant." " There may indeed be no difficulty in ascertaining who is meant when a person who has five or six names, and some of them unusual ones, is described in full ; while, on the other hand, a devise simply to John Smith would necessarily create some uncertainty." *Clayton* v. *Lord Nugent*, 13 M. & W. 207. In our own court, it was many years since determined, upon a demurrer to a declaration in which the fact was alleged, and it was said that the same thing might equally as well have been established by proof as by the statements in the record, that a promissory note payable in terms to Richardson, Metcalf & Co. was in truth a contract made with, and a note payable to, the Medway Cotton Manufactory ; and that an action for the recovery of its contents

could be maintained in the name of that corporation. *Medway Cotton Manufactory* v. *Adams*, 10 Mass. 360. See also *Nute* v. *Hamilton Ins. Co.* 6 Gray, 174.

It was the right therefore of the plaintiffs to prove, if they could, that they were one of the contracting parties, and had a beneficial interest in the contract. Whether the evidence which they produced upon the trial was sufficient to constitute that proof is a different question. But that it had such a tendency can with no propriety be disputed. On looking into the policy, one of the first and most material things disclosed in it is that the parties contemplated the conduct and prosecution of a particular branch of manufacturing, during the continuance of which there would be continual changes of the property insured; that the policy was intended to cover not only that which the insured owned at the time when the contract was entered into, but also that, of the kind described, which they should own and have in their business at any period while it was to remain in force. Then by the extrinsic evidence it was shown that Kingman, who had before carried on the business, and owned the whole of the real estate and machinery, contracted with the plaintiffs to sell and convey the entire establishment to them; that, although it was left in some uncertainty at what particular time the conveyance was actually made, they entered upon and took possession of the real estate before any insurance was applied for, and thenceforward carried on the business of refining sugar there on their own account, as sole owners and proprietors; and that the application to the defendants for insurance was made by Rice, one of the directors of the plaintiff corporation, who caused to be inserted in the policy a stipulation that in case of loss all the money to be paid by way of indemnity should be payable and paid directly to them. They were thus in effect the chief party in interest, and expected to have in the future much the largest share of property at hazard. These were all facts fit and proper to have been submitted to the consideration of the jury; and if their inference from these facts should have been that the plaintiffs were one of the parties to the contract, because they were included in, and intended to be

described by the terms " P. E. Kingman and others," and if they should have rendered their verdict accordingly, we are not prepared, upon this question, to affirm that such a verdict would have been unsustained by, and still less that it was contrary to, or against the weight and proper effect of, the evidence.

If in addition to the fact that the plaintiffs were a party to the contract of insurance, it had also been found that a loss by fire had occurred of any portion of the insured property of which they were the owners by acquisition of the same in the due course and prosecution of their business as refiners of sugar, and that they had in all respects performed the conditions and complied with the requisitions specified in the policy, they would have been entitled to recover to the extent of their loss, not however exceeding their limited amount of insurance. This would not have included compensation for any injury to the real estate or fixed machinery; but recovery might have been had for the loss of such movable and portable machinery, if any, as, according to the suggestion of their counsel at the argument, they necessarily procured from time to time, in place of such as was used up and worn out in the ordinary course of carrying on and managing their business. None of the property, however, whether real or personal, which belonged to Kingman at the time of the issuing of the policy, and which was afterwards transferred by him to the plaintiffs, could be considered as insured in their hands under the policy, because, so far as he was concerned, that was under its special provisions and conditions made null and void by the act of alienation.

*Exceptions sustained.*