# John S. Roberts, Trustee for Henry L. Janeway et al., *v.* Firemen's Insurance Co. et al., Appellants.

[Marked to be reported.]

*Fire insurance—Insurable interest—Trust property.*

An agent or consignee, having the principal's property in his possession, being responsible for it, and having a special interest in it to the amount of his commissions, may insure it in his own name, and in case of loss recover the full amount of his policy, holding all beyond his own interest in trust for his principal.

Plaintiff was insured in his own name " on stock of wall paper, shades and other merchandise not more hazardous, his own or held by him in trust, or on commission, or sold but not removed," while contained in a certain described store building. By the terms of the agreement between plaintiff and the owners of the property, he was intrusted with the exclusive care, management and direction of the entire stock of goods belonging to the owners at the store in question, he was to carry on the business in his own name and by his own efforts and exertions, but entirely for the benefit and advantage of the real owners, he was to keep accurate books of account of all his transactions open at all times, and at such times as they should appoint he was to account for and pay over the net profits or income arising out of the business, and at the end of the agreement he was.to wind up the business and turn over all the property and assets to the true owners. For his services he was to receive a fixed compensation, payable monthly. *Held,* that plaintiff was trustee of the goods for the owners, and that he could insure them in his own name, and recover the whole amount of the loss.

Argued Oct. 30, 1894. Appeals, Nos. 162–174, by defendants, from judgments of C. P. No. 2, Allegheny Co., April T., 1893, Nos. 810–822, for plaintiff on case stated. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated in assumpsit on fire insurance policy.

Thirteen suits were brought against as many different fire insurance companies. The cases stated in all suits were practically the same.

From the case stated in the suit of the Firemen's Insurance Company of Chicago, it appeared that the policy contained the following clause :

" In consideration of twenty-three and $\frac{75}{100}$ dollars and of the conditions, limitations and requirements herein contained, hereby insures John S. Roberts to the amount of twenty-five hundred dollars.

" John S. Roberts. $2,500. On stock of wall paper, shades and other merchandise not more hazardous, his own or held by him in trust, or on commission, or sold but not removed, while contained in the six-story brick building, occupied by assured as wholesale and retail wall paper store, situate Nos. 719 and 721 Liberty street, Pittsburg, Pa. Other insurance permitted without notice until required."

The agreement between plaintiff and the owners of the goods insured, was as follows:

"Articles of agreement, made this 5th day of September, A. D. 1891, between John S. Roberts, of the borough of Sewickley, county of Allegheny, and state of Pennsylvania, party of the first part, and Henry L. Janeway, Sr., and William R. Janeway, of the city of New Brunswick, county of Middlesex, and state of New Jersey, parties of the second part;

" Whereas, The said parties of the second part are the owners of the business, stock, goods, fixtures, rights and credits of the store at No. 414 Wood street, in the city of Pittsburg, which business, stock, etc., the said parties of the second part have, under certain articles of agreement, dated September 5th, 1888, entrusted for the past three years to the care, management and direction of said John S. Roberts, and which, during said period, he has carried on in his own name for the sole use, benefit and behoof of the said parties of the second part, and not otherwise;

" And whereas, said parties of the first and second part are desirous of still further extending the time of the aforesaid arrangement for a period of three years from the date hereof, under and subject to the terms and stipulations hereinafter contained;

" Now, therefore, this agreement witnesseth, That said parties of the second part covenant and agree to indemnify and save harmless the said Roberts from all loss or damage in any way arising out of said business, and to this end have this day executed and delivered to the said Roberts a bond of indemnity under their hands and seals, bearing even date herewith.

" And said Roberts hereby expressly declares that said business, goods, rights and credits of every kind were purchased by said parties of the second part with their own money, and together with all additions, accumulations, increase and profits of every kind whatsoever, belong to said second parties.

" And said Roberts further covenants and agrees that, using his best skill and ability, he will faithfully carry on, direct and manage said business in his own name, that he will keep a perfect account, in books for the purpose to be provided, of all the moneys, rights, credits, profits and property of every kind belonging to or arising out of said business and of all transactions connected therewith, which books of account shall at all times be open for the inspection of the said parties of the second part, or their lawfully appointed agents or attorneys; that, at such reasonable and stated intervals as said parties of the second part may demand, he will well and truly account for and pay over the net profits or income, if any, arising out of said business, and in all respects with care and fidelity carry on and manage said business as the agent or trustee of said parties of the second part, and at the expiration of this agreement, as hereinafter provided, he will settle and wind up the affairs thereof and turn over the business, or the proceeds thereof, to said parties of the second part, or to whomsoever they may direct.

" It is further stipulated and agreed, That said Roberts shall receive, as full consideration for the services to be performed under this agreement, an annual salary of $3,000, payable monthly, and a commission of one half of one per cent., payable at the end of each year, on all goods purchased of the firm of Janeway & Company, of New Brunswick aforesaid.

" And lastly, it is fully agreed and understood that, while the contemplated term for which this agreement is to be in force is to be three years from the date hereof, yet the said parties of the second part reserve the right at any time, when in their discretion it may be deemed advisable to do so, to close up and discontinue said business and to place the same at once in process of liquidation and final settlement."

The case stated agreed that plaintiff was in possession of the goods and premises at the time of the issuing of the policy and to all appearances was the owner thereof, and defendant company had no knowledge, except such as may be inferred, if any, from the wording of the policy, that plaintiff was not on his own account engaged in the sale of the goods insured.

It was further admitted that the goods insured, at the time of the insurance and continuously until the time of the fire, were the property of the Janeways, and that plaintiff had no

other interest therein than as set forth in the articles of agreement.

The case stated contained the following clause :

" Seventh. It is contended on the part of the defendant insurance company that, by reason of the facts hereinbefore recited, the said policy of insurance did not attach and become a binding risk in favor of said Henry L. Janeway and William R. Janeway, or in favor of said John S. Roberts, as trustee, or as selling upon commission for them.

" If the court shall be of opinion that said policy of insurance did attach and become a binding risk in favor of the plaintiffs hereinbefore named, or in favor of said John S. Roberts, as trustee, or as selling upon commission for them, then judgment to be entered for the plaintiffs, but if not, then judgment to be entered for the defendant."

Judgment for plaintiff on the case stated.

*Error assigned* was entry of judgment as above.

*J. S. Ferguson, E. G. Ferguson,* with him, for appellants.— Plaintiff had not even a lien to lose. It is true he might have lost his situation, but the liability to such a loss gave him no legal interest in the preservation of the goods. He had no insurable interest whatever in the goods. A person has an insurable interest in property, if he will suffer pecuniary loss by its destruction : Wainer v. Ins. Co. 153 Mass. 335.

It is not competent to write an insurance where an insurable interest is wanting, whether the facts are known to the company or not; the difficulty is inherent in the case, and it is beyond the reach of a waiver : Ins. Co. v. Montague, 38 Mich. 548.

The presumption from the statement of the subject of insurance was that Roberts had goods of his own as well as goods in trust and on commission. This was material to the risk : Wilson v. Ins. Co., 4 R. I. 141.

*M. A. Woodward, James W. Collins* with him, for appellees. —Plaintiff had such an interest in and lien upon the goods to protect himself as against liabilities and indebtedness, incurred in the business, as to maintain the possession thereof as against

his principals or their creditors until full settlement and discharge of such obligations, and the contract between him and his principals, in its provision for the winding up and settlement of the business by plaintiff, shows that the parties recognized and agreed in the necessity of this protection of plaintiff in carrying on the business, as the owner of the store and property.

Plaintiff had an interest and concern in the property insured, much beyond that which, under the authorities of all the courts in this country and England, has been admitted to be within the lines of what is termed an insurable interest : Hooper v. Robinson, 98 U. S. 52 ; California Ins. Co. v. Union Compress Co., 133 U. S. 387 ; Biddle, Ins. § 171 ; Lucena v. Crawford, 2 B. & P. (N. R.) 301 ; Richards, Ins. § 131 ; Western & Atlantic Pipe Line v. Ins. Co., 145 Pa. 346 ; Waring v. Ins. Co., 45 N. Y. 606 ; Story, Agency, 126 ; De Forest v. Fulton Ins. Co., 1 Hall, N. Y. 94 ; Earnmore v. California Ins. Co., 40 Fed. R. 847.

OPINION BY MR. JUSTICE GREEN, Nov. 13, 1894 :

By the express terms of the policy in this case, the plaintiff, John S. Roberts, was insured to the extent of $2,500, "on stock of wall paper, shades and other merchandise not more hazardous, his own or held by him in trust, or on commission, or sold but not removed," while contained in a certain described store building. We understand these terms to mean that if he held any property of the kind named in the building, which was "his own," it was insured ; if he had any property which was "held by him in trust," it was insured ; or any held "on commission," or "sold but not removed," it was all insured by the policy. Here are four distinct classes of property covered by the policy, that are not distinct as to their character or kind, but as to the kind of title or condition on which they were held. To enable the plaintiff to recover therefor it was not necessary that he should be the owner of the goods. If he held them in trust it was sufficient. That means, if others were the real owners, and he held them for the benefit of the owners, as their property, for their use and advantage, it was not necessary that, in addition to that kind of ownership or holding, there should be superadded a personal and individual

interest of his own as owner, in order that there might be a recovery. The words of the policy would be without meaning if such requirement were essential. By the terms of the agreement between Roberts and the owners, he was intrusted with the exclusive care, management and direction of the entire stock of goods belonging to the owners at the store in question ; he was to carry on the business in his own name and by his own efforts and exertions, but entirely for the benefit and advantage of the real owners ; he was to keep accurate books of account of all his transactions open at all times ; and at such times as they should appoint he was to account for and pay over the net profits or income arising out of the business ; and at the end of the agreement he was to wind up the business and turn over all the property and assets to the true owners. For his services he was to receive a fixed compensation, payable monthly, of $3,000 per annum. It is difficult to imagine a more perfect example of a trust relation between the plaintiff and the owners, and we have not the slightest difficulty in holding that the property insured by this policy came literally within the designation or description, " held in trust by him."

In Biddle on Insurance, sec. 171, it is said, " An agent having the custody of goods and liable to account to his principal for goods, may insure, and he may do so in his own name, either by policy for whom it may concern or as trustee," citing many authorities. In Richardson on Insurance, sec. 131, the writer referring to the expression in policies, " their own or held by them in trust or on commission, or sold but not delivered," says, citing numerous decisions, " Such special phrases are often employed to show that persons holding the property of others may secure the protection of the policy, though the title to the property may, or may not, be in them. ' Held in trust' means simply that the goods or property are in the custody of the insured. The phrase is not used in its strict technical meaning."

In the case of the California Insurance Company v. The Union Compress Company, 133 U. S. 387, it was said in the opinion of the court by BLATCHFORD, Justice, " It was lawful for the plaintiff to insure in its own name, goods held in trust by it, and it can recover for their entire value, holding the excess over its own interest in them for the benefit of those who have entrusted the goods to it."

In Ætna Ins. Co. v. Jackson, 16 B. Monroe, 242, it was held that, " An agent or consignee having the principal's property in his possession, being responsible for it and having a special interest in it to the amount of his commissions, may insure it in his own name, and, in case of loss, recover the full amount of his policy, holding all beyond his own interest in trust for his principal."

In Waring v. Insurance Co., 45 N. Y. 606, it was held that, " Agents, commission merchants or others having the custody of, and being responsible for, property, may insure in their own names, and they may, in their own names, recover from the insurer, not only a sum equal to their own interest in the property by reason of any lien for advances or charges, but the full amount named in the policy, up to the value of the property." See also Siter v. Morris, 13 Pa. 218, and Home Ins. Co. v. Arthouse Co., 93 U. S. Rep. 527.

Further citations are useless. We do not understand these principles to be controverted, and that they are directly applicable to the policy which is the subject of the present controversy cannot be doubted.

Judgment affirmed.