## Chaney, Appellant, v. Farmers' Fire Insurance Company.

*Insurance—Fire insurance—Unconditional and sole ownership.*

A policy of fire insurance on a stock of goods contained a condition that the policy should be void "if the interest of the insured be other than unconditional and sole ownership." The policy was issued in the name of "Mrs. H. M. Chaney & Daughter." The business was conducted under the name of "Mrs. H. M. Chaney & Daughter" who were apparently the owners of the business. Mrs. Chaney applied for the policy and received it from the agent. As a matter of fact the stock and business were owned by H. M. Chaney, the husband and father of the insured. *Held*, that the condition of the policy as to unconditional ownership precluded a recovery upon it.

Argued Oct. 23, 1906. Appeal, No. 233, Oct. T., 1905, by plaintiff, from order of C. P. Huntingdon Co., Sept. T., 1905, No. 2, refusing to take off nonsuit in case of H. M. Chaney, trading as Mrs. H. M. Chaney & Daughter, v. Farmers' Fire Insurance Company of New York. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before WOODS, P. J. The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court refusing to take off nonsuit.

*W. M. Henderson*, for appellant.—We contend that in the absence of inquiry by the defendant or of direction by the plaintiff, or representations made by him or his agent, the policy in suit was and is in a valid form binding upon the defendant, and a subsisting contract between it and H. M. Chaney, the plaintiff. If the insurance should have been written in the name of H. M. Chaney instead of his business name, then the mistake, if any was made, was the mistake of the defendant's agent, and was such a one as cannot be taken advantage of by the defendant to the injury of the plaintiff who accepted the policy in good faith: Susquehanna Mut. Fire Ins. Co. v. Cu-

sick, 109 Pa. 157; Dowling v. Ins. Co., 168 Pa. 234; Barbour v. Wiehle, 116 Pa. 308; Caldwell v. Fire Assn., 177 Pa. 492; Mullen v. Ins. Co., 182 Pa. 150; Meyers v. Ins. Co., 156 Pa. 420; Kister v. Ins. Co., 128 Pa. 553; W. & A. Pipe Lines v. Ins. Co., 145 Pa. 346; Phila. Tool Co. v. Assur. Co., 132 Pa. 236; Grandin v. Ins. Co., 107 Pa. 26.

*H. H. Waite,* with him *C. C. Brewster,* for appellee.—The policy was void: Collins v. Assurance Corp., 165 Pa. 298; Ambrose v. Ins. Co., 19 Pa. Superior Ct. 117; Duda v. Ins. Co., 20 Pa. Superior Ct. 244; Diffenbaugh v. Union Fire Ins. Co., 150 Pa. 270; Rathmell v. Fire Ins. Co., 38 W. N. C. 356; Schroedel v. Fire Ins. Co., 158 Pa. 459; Bateman v. Ins. Co., 189 Pa. 465; Finley v. Ins. Co., 30 Pa. 311.

OPINION BY HENDERSON, J., February 25, 1907:

The policy which was the foundation of the action was issued in the name of Mrs. H. M. Chaney & Daughter. It contained a condition that the policy should be void " if the interest of the insured be other than unconditional and sole ownership." Another condition provided that " This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated therein." The property insured was in the possession of Mrs. Chaney and her daughter who were conducting the business under the name, " Mrs. H. M. Chaney & Daughter." They were apparently the owners of the business. The policy was applied for by Mrs. Chaney and was delivered to her by the agent of the insurance company. The plaintiff did not propose to prove that his interest in the business was made known to the defendant or that the latter had notice that his wife and daughter were acting as his agents in the prosecution of the business and in the application for the insurance. The agent of the company was justified in concluding from the manner in which the business was conducted and from the fact that Mrs. Chaney and her daughter applied for the policy that they were the owners of the property to be insured. The defendant did not enter into a contract with the plaintiff and had no reason to believe that he was the owner of the goods insured.

A contract of insurance is a personal undertaking. It indemnifies the person insured against loss. The provision of the policy that the ownership of the property shall be truly disclosed is a reasonable one, for the risk assumed may be affected by the character of the owner. The company has a right to know with whom it is contracting in order that it may intelligently estimate the risk. It may be willing to insure a mother and daughter when it would decline to insure the same property owned by some other person. It is conceded in the argument that neither Mrs. Chaney nor her daughter had any interest in the property insured. The plaintiff is, therefore, claiming under a policy containing the provision as to ownership referred to where the persons actually insured had no sort of title to the goods. The case is not the same as if a policy had been issued in the trade name of the person owning the business. Where there is nothing in the name or manner of conducting the business to give notice of ownership, the company might reasonably be required to inquire who owned the property, but in this case the policy was issued to the individuals in whose name the business was conducted who were actually engaged in carrying it on and who made application for the insurance. We think the case is not distinguishable from Diffenbaugh v. Union Fire Ins. Co., 150 Pa. 270. In that case a husband insured the property of his wife in his own name and on the trial offered to prove that he was acting as agent for his wife in so doing. The court held that as he did not inform the company that the property belonged to his wife at the time the insurance was taken, he could not recover, and that a nonsuit was properly granted. In the cases which most strongly support the appellant's contention : Shawmut Sugar Refining Co. v. Hampden Mut. Ins. Co., 78 Mass. 540, and Clark et al. v. German Mut. Fire Ins. Co., 7 Missouri Appeal Reports, 77, the applications were made by persons interested in the business and the policies were issued according to the direction of such applicants. We are not called upon to consider a case where the name in which the business is carried on does not indicate the ownership of the property. It is doubtless true that in many cases no such information would be derived from the business name. Nor are we concerned with the question of the mistake or fraud of the agent within the scope of his authority. The plaintiff did not propose to prove

that there was any fraud perpetrated upon him or that there was any mistake made by the agent in carrying out the instructions of Mrs. Chaney with reference to the policy. It will be observed, moreover, that there was no offer to prove that the plaintiff had authorized his wife and daughter to procure the insurance. There was an entire lack of offer of evidence that the company contracted or intended to contract with the plaintiff. The case is one, therefore, of an insurance taken out by persons who were not the owners of the property and who did not disclose to the company the fact that they were not such owners. Under these circumstances the condition of the policy as to unconditional ownership precludes a recovery by the plaintiff.

The judgment is, therefore, affirmed.