# Lehman, Appellant, *v.* Lancaster County Mutual Insurance Company.

*Insurance—Fire insurance—Husband and wife—" Unconditional and sole ownership."*

Where a policy of fire insurance containing the usual clause as to "unconditional and sole ownership" is issued to a husband on property described in the application as his, but in fact the property of his wife, the latter, after the property has been destroyed by fire, cannot maintain an action on the policy against the insurance company.

Argued Nov. 14, 1910. Appeal, No. 26, Oct. T., 1906, by plaintiff, from judgment of C. P. Lancaster Co., Dec. Term, 1908, No. 70, for defendant non obstante veredicto in case of Grace Lehman v. Lancaster County Mutual Insurance Company. Before RICE, P. J., HENDERSON,

376 LEHMAN, Appellant, *v.* LANCASTER CO. M. I. CO.

Statement of Facts—Opinion of the Court. [45 Pa. Superior Ct.

MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before LANDIS, P. J.

The opinion of the Superior Court states the case.

At the trial the jury returned a verdict for plaintiff for $216.22. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant n. o. v.

*E. M. Gilbert*, for appellant, cited: West Branch Lumberman's Exchange v. Ins. Co., 183 Pa. 366; Hagan v. Ins. Co., 186 U. S. 423 (22 Sup. Ct. Repr. 862); Perry v. Ins. Co., 11 Fed. Repr. 482.

*Chas. W. Eaby*, for appellee, cited: Chaney v. Ins. Co., 32 Pa. Superior Ct. 479; Schroedel v. Ins. Co., 158 Pa. 459; Rochester German Ins. Co. v. Schmidt, 162 Fed. Repr. 447 (89 C. C. A. 333); Diffenbaugh v. Ins. Co., 150 Pa. 270; Ætna Ins. Co. v. Resh, 40 Mich. 241; Duda v. Home Ins. Co., 20 Pa. Superior Ct. 244; Elliott v. Ins. Co., 20 Pa. Superior Ct. 359.

OPINION BY ORLADY, J., March 3, 1911:

The plaintiff's right to recover in this case is to be determined by the contract she made with the defendant. It was her duty clearly to inform the company in regard to her title to the property on which she sought insurance, and no duty rested on it to investigate the title she described in her application. If there was a misstatement made, or a fact concealed in regard to that important matter, the consequences must be borne by the one on whom the responsibility rested. The policy was written pursuant to the information she gave, and it is not suggested in this record that the company had any other

knowledge in regard to the title, than that disclosed in the application, pursuant to which the policy was issued to her and her husband, while the title to the property in controversy in this case is described in the application as being "on his cigar box factory, 18x22 ft.—14 ft. to square shingle roof, $500.00 and contents, including gasoline engine, $300.00."

It may or may not be, according to the circumstances, of no interest to the company to know what the rights of the assured are as between themselves, but in this case the ownership of the property is clearly defined by the statement that as to this particular property, it is the husband's and not the plaintiff's.

The parties provided that the company was not to be liable "beyond the interest of the assured in the property," and declared in the body of the contract that it should be void "if the interest of the assured be other than the unconditional and sole ownership of the property herein described, on the land on which it stands, unless otherwise expressed in this policy."

She undoubtedly had an insurable interest in this property, but she did not define it. She not only withheld her own name from this particular item, but declared it to be her husband's, and the fact that they were husband and wife does not change the law of the case as they must be regarded as separate and distinct parties.

He does not claim anything for the loss and the property was not insured as hers, hence the unconditional and sole ownership clause in the policy was violated: Duda v. Home Ins. Co., 20 Pa. Superior Ct. 244; Diffenbaugh v. Insurance Co., 150 Pa. 270; Schroedel v. Insurance Co., 158 Pa. 459; Chaney v. Insurance Co., 32 Pa. Superior Ct. 479.

The judgment is affirmed.