# Chalick, Appellant, *v.* Weintraub.

*Checks—Consideration—Holder for value—Real estate—Contracts —Offer and acceptance—Principal and agent.*

In an action of assumpsit to recover the amount of a check given to plaintiff's agent as hand-money in a real estate transaction, it appeared that an agreement of purchase was prepared by plaintiff's agent and signed by defendant. The agreement provided that it should be approved by the owners within twenty-four hours. Before the contract was accepted by the owners the defendant withdrew his offer of purchase.

Under such circumstances there was no consideration for the check and a finding for the defendant will be sustained.

In such case the minds of the parties did not meet. The negotiations remained open and no obligation rested on either party. The

owners could refuse to convey and the defendant could refuse to purchase.

The plaintiff was not an innocent holder for value without notice. Plaintiff's agent knew of the fact concerning the check and such knowledge was attributable to the plaintiff who was bound to know that until the contract was completed there was no consideration for the check.

Argued October 20, 1926. Appeal No. 232, October T., 1926, by plaintiff from the judgment of M. C. Philadelphia County, July T., 1923, No. 53, in the case of Benjamin Chalick v. Harry Weintraub. Before PORTER, P. J. HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit to recover the amount of a check. Before BROWN, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for the defendant. Plaintiff appealed.

*Errors assigned* among others, were the findings of the court, answers to points and refusal of plaintiff's motion for judgment non obstante veredicto.

*Oscar Rosenbaum* for appellant.

*A. Finkelstein,* and with him *David S. Malis,* for appellee.

OPINION BY HENDERSON, J., March 3, 1927:

The plaintiff seeks to recover from the defendant the amount of a check for the sum of $500 given by the latter to Jack Sherman who was acting as agent for the plaintiff and one Elgart in the sale of premises owned by them on 11th Street in Philadelphia. An agreement of purchase prepared by Sherman was signed by the defendant on June 11, 1923. It provided that the agreement should be approved within twenty-four hours by the owners. The negotiation by the

defendant was with Sherman—Chalick and Elgart not being present. The case was tried before the judge without a jury. There was evidence that the check was given to Sherman about 5:30 in the afternoon of the day on which it was signed, and that at about 10 o'clock on June 12, the defendant notified Sherman that he had changed his mind and would not complete the sale. There was also evidence of the testimony of the plaintiff in a former trial of the case that he received the check from Sherman on the 12th of June, and that he did not "get hold" of Elgart until the 13th of June. It was admitted that the defendant never was notified of the acceptance by Chalick and Elgart of the contract which he proposed to them in the agreement drawn by Sherman; nor was there any denial of the defendant's allegation that he notified Sherman on the morning of the 12th of June that he would not proceed further with the negotiation. The court found on the evidence submitted that the defendant withdrew his offer to purchase before the contract was accepted by the owners, and as it was stipulated that there should be an approval of it within twenty-four hours by them, a prompt acceptance became necessary. The case turned on the finding by the court from the evidence that the check which was given in payment of the hand money was without consideration—the delivery of it to Sherman being conditioned on the completion of the contract of sale. It is clear that no contract existed between the parties until their minds met. Up to that time the negotiation remained open and no obligation rested on either party. The owners could refuse to convey and the other party could refuse to purchase: Minneapolis & St. L. Ry. Co. v. Columbus Rolling-Mill Co., 119 U. S. 149; Boston & Maine R. R. Co. v. Bartlett, 3 Cushing 224; Potts v. Whitehead, 23 N. J. Eq. 512; McMillan v. Phila. Co., 159 Pa. 142; 1 Parsons on Cont. 476. The finding of the court was

that this meeting of the minds of the parties did not take place, the defendant having withdrawn his offer to buy. The check was not the property of Sherman or the plaintiff as evidence of indebtedness until the contract was completed. It was to be part of the consideration for the transfer of the property, and if this was not carried into effect there was no right of action in the plaintiff.

The contention that the plaintiff was an innocent holder for value cannot be sustained. His agent, Sherman, knew all the facts surrounding the check and that knowledge is attributable to the plaintiff; in fact he was a part owner of the check. Sherman was the mere conduit through which the instrument passed to Elgart and the plaintiff. The latter was in no sense an innocent holder for value without notice. He knew or was bound to know that until the contract was completed there was no consideration for the check. The judgment of the court properly followed the findings of fact above referred to and the record discloses evidence in support of the findings. We are not persuaded that there was error in the disposal of the case by the learned trial judge.

The appeal is dismissed and the judgment affirmed.