Viscount *v.* Aetna Insurance Company of Hartford,
Connecticut, Appellant.

Submitted October 28, 1930. ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮ Before TREXLER, P. J.,
KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and
WHITMORE, JJ. ▮▮▮▮▮

362

*Henderson & Henderson*, for appellant, cited: Schroedel v. Ins. Co., 158 Pa. 459; Lehman v. Ins. Co., 45 Pa. Superior Ct. 375; West Branch Ins. Co. v. Helfenstein, 40 Pa. 289; Kompa v. Franklin Fire Ins. Co., 28 Pa. Superior Ct. 425.

*H. H. Waite* and *Stephens and Kintner*, for appellee.
—Defendant's agent knew or should have known at the time the policy was issued, who was the owner of the property: Welsh v. Ins. Co., 151 Pa. 607.

The agent of defendant, having promised to correct the mistake made in issuing the policy and thereafter receiving and retaining the premium, estopped defendant from denying the validity of the policy: McGinness v. Caledonian Ins. Co. of Scotland, 78 Pa. Superior Ct. 376; McGonigle v. Susquehanna Mutual Fire Ins. Co., 163 Pa. 1; Elenberger v. Protective Mutual Fire Ins. Co., 89 Pa. 464; Davis v. Home Ins. Co., 74 Pa. Superior Ct. 92.

OPINION BY LINN, J., March 9, 1931:

This case was submitted without oral argument. It is an appeal by defendant from judgment on a verdict in a suit on a policy of fire insurance. The plaintiff is Frank Viscount, whose name does not appear in the policy, the insured named being Jennie Viscount. The policy was dated January 12, 1928. The term of insurance was one year. The fire occurred in June 1928. The defense was that the policy was void in consequence of the following provision: "This entire policy shall be void, unless otherwise provided by agreement in writing added hereto—(a) if the interest of the insured be other than unconditional and sole ownership: ......" The policy contained no addition in writing waiving or altering the effect of that provision. As it was conceded that Jennie Viscount, the insured, was not owner of the property, plaintiff was

not entitled to recover unless he could establish facts that would support a finding that defendant had waived the defense or had become estopped from enforcing the provision.

To accomplish that, plaintiff relied on the evidence of Jennie Viscount and another witness, to the effect that at some time between the date of the delivery of the policy and January 16, 1928, she called on the agent (whose authority to countersign policies is admitted) and informed him that she did not wish to pay the premium for which she had received a bill; that it should be sent to Frank Viscount in Detroit, Michigan, because he owned the property; that the agent informed her that he would "change the name to Frank Viscount"; and that the change had not been made when the fire occurred.

The learned trial judge instructed the jury that a verdict for plaintiff might be rendered "if you believe by the weight of the evidence that [the agent] made this statement and this promise to change the policy ......" In his opinion refusing judgment n. o. v., he held that, in the light of the verdict, defendant was estopped "from successfully resting upon the ground of the want of insurable interest on the part of Mrs. Viscount." The question now is, was the evidence sufficient?

Frank Viscount took title to the property in 1922; in 1924, he conveyed a half interest in it to Jennie Viscount, then his wife; in 1927 she conveyed her interest in it back to him; when the case was tried, the parties were not husband and wife, having been divorced at a time not stated.

Some years before 1928, one, Herncane, made a loan to Frank Viscount, taking a mortgage on the property as security; Herncane testified that he "had [his] insurance placed upon the property ...... to protect the mortgage." In 1927 he sent a cancelled policy which

he had held, (not issued by defendant), to defendant's agent, and applied for insurance, to substitute for the policy cancelled; and pursuant to his request, the agent issued defendant's policy and named in it, as the person insured, Jennie Viscount, who had been named as the party insured in the cancelled policy. The policy so issued was for the term of one year from January 12, 1927 and during that time, we assume, Herncane had the policy. On the expiration of that period,—January 12, 1928,—in the course of business, the agent wrote a renewal policy, again for one year, and again named Jennie Viscount as the insured, and sent it to Herncane; it is the policy in suit, and, as relating to Herncane, contains the following provision: "loss, if any, payable first to W. S. Herncane, as his interest may appear." Herncane is not a party to this suit.

The evidence, offered on behalf of plaintiff, would support a finding that the agent promised that he would see that the name of the insured in the policy was "changed" from Jennie Viscount to Frank Viscount, and that he did not make the change. In view of the verdict, we lay aside the testimony offered on behalf of defendant denying plaintiff's evidence on the subject: Caldwell v. Trust Co., 291 Pa. 35, 37.

In January 1927 when the first policy was written by defendant, title to the property was in Frank Viscount and Jennie Viscount. When the renewal policy, now in suit, was written, the agent did not know that Frank Viscount alone was the owner; the agent was under no duty to investigate the title (Lehman v. Lancaster, etc., Ins. Co., 45 Pa. Superior Ct. 375); he made no mistake in issuing the policy, i. e. he did not depart from his instructions, for we must assume that Herncane, who had ordered and kept the policy of 1927, and who accepted the renewal policy of 1928, intended that it should name the same insured that was named in the

former policy. Herncane, who testified, does not deny that; and neither Frank Viscount nor Jennie Viscount made any mistake about the insurance because, apparently, neither was consulted. There was therefore no mistake in writing the insurance in the sense that the policy named as the insured a person different from the person intended to be named; on the contrary, the person named—Jennie Viscount—was the person the mortgagee specified as the person he wished to have named; any other inference would disregard the documentary evidence which, we think, must be taken as true.

We have then a case where, after the policy was written and delivered, Jennie Viscount, acting for Frank Viscount, appears before the agent and informs him that she has no interest in the property, and desires that such changes be made in the insurance as will represent the fact, i. e. name Frank Viscount as the insured. The policy contains the usual blank form for its assignment. But (1), she did not have possession of the policy, and therefore was not then prepared to assign it, and have the assignment approved by the agent; even if such arrangement could have resulted in a novation; (2), the mortgagee, who appears to have held the policy, had not authorized her to do anything; (3), for the same reasons, she could not ask to have the policy cancelled. We may add that while the part of the evidence printed is somewhat uncertain as to who paid the premium, the trial judge states that Jennie Viscount paid it before the fire.

Plaintiff contends that his position is supported by McGinness v. Caledonian Insurance Co., 78 Pa. Superior Ct. 376, described in the opinion (p. 382) "as a reasonably close" case; but the facts in this case do not even approach similarity to the facts in that case, and in any view that we may take, are inadequate to support waiver or estoppel. In the McGinness case in

366

which the risk had attached (here it had not) every-
thing was done that could have been done by the
insured, including the delivery of the policy and ar-
ranging for the payment of the increased premium;
nothing remained but the writing of the name of the
agent, a simple act which the agent stated he would
perform; we decided that the agent's conduct had the
same effect "as if the agent had told him he had, in
fact, signed the blank furnishing the written evidence
of the consent he had orally given." But here, as has
been stated, Jennie Viscount did not have the policy;
neither she nor Viscount had applied for it; there
was no evidence that Herncane authorized or would
assent to the demand made by Jennie Viscount or de-
fendant's agent. Consideration of these elements
shows how contingent performance of the alleged
promise of the agent was. See generally, Smith v.
West Branch Fire Ins. Co., 31 Pa. Superior Ct. 29, 33;
Kompa v. Franklin Fire Ins. Co., 28 Pa. Superior
Ct. 425, 429.

Judgment reversed and here entered for defendant.