## Vogt v. Brady, Appellant.

Argued October 6, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*William W. McKim,* for appellant.

*Thomas Ridgway,* for appellee.

PER CURIAM, November 20, 1931:

This is a suit to recover the balance alleged to be due on a sale of real estate. A contract, dated September 15, 1930, was made between James J. Brady and W. J. Vogt, agent for an undisclosed owner. It contained a clause, "It is understood that this sale is made subject to the written approval of the owner, which must be obtained within two days."

The statement does not allege that such approval was had, but that the defendant handed his check for $500 to W. J. Vogt, agent, and the latter delivered the check to the plaintiff, his wife who was the owner, and who endorsed it and deposited it to her own personal account and that thereby defendant had notice as to who was the real owner of the property and that the acceptance of the check bound her to the approval of the contract.

The defendant alleges that he never had any notice that the contract had been approved, that the check was returned to him on or about the first day of October, 1930, by the bank at which he dealt and that he did not have any reason to examine the endorsement and that he was led to believe that other parties were the real owners of said premises being so informed by W. J. Vogt. That he rescinded the contract because it had not been at the time of such rescission approved by the owner and that the time for such approval had expired. The court entered judgment for want of a sufficient affidavit of defense. We are all of the opinion that the matter is not so plain as to warrant a summary judgment.

The judgment is reversed with a procedendo.