# Henry v. The First and Farmers National Bank and Trust Company

*E. R. W. Searle* for plaintiff; *Gerritt E. Gardner*, for defendant.

SMITH, P. J., July 25, 1932.—The above action is brought to recover by the plaintiff, who is the widow of George M. Henry, deceased, the defendant's testator, from the defendant, the sum of $364.58, being the proceeds of fire insurance policies of the Ætna Fire Insurance Company and the Hartford Fire Insurance Company payable by the terms of both policies to the said George M. Henry, individually, and insuring buildings located upon real estate, the title of which, at the time of the burning of said buildings, was in the said Susan E. Henry, plaintiff, individually, by right of survivorship as one of the tenants by entireties under a deed to herself and her husband, followed by the latter's decease before the fire occurred; said insurance money having been paid by the two fire insurance companies mentioned to and received by and being now in the hands of the defendant executor.

The chronology of facts as agreed upon in the case stated is as follows, viz.:

1. December 29, 1927, deed of real estate mentioned to the said Susan E. Henry and George M. Henry, conveying title by entireties.

2. September 16, 1929, George M. Henry, the husband, died, with title still remaining as above.

3. December 7, 1931, with title still remaining as above, with survivorship then in fee in the wife, the present plaintiff, the buildings located upon the said property were destroyed by fire, with the two insurance policies above mentioned in force.

4. The two insurance companies mentioned waived in writing any possible legal defense against payment of the amount of loss by said fire, due to the fact that the estate of George M. Henry, the husband of the plaintiff, was not the owner and had no interest, at the date of the fire, and that the plaintiff was the sole owner thereof in fee, and voluntarily each paid their respective portions of the insurance money as adjusted, aggregating the said sum of $364.58, to the defendant executor of the will of George M. Henry, the husband.

From the language of the case stated, it appears that prior to December 29, 1927, the date of the conveyance by deed of entireties to the said George M. Henry and Susan E. Henry, his wife, the former was the sole owner of said premises in fee simple, and the deed of that date changing the character of the title to that of entireties in both was not recorded in the recorder's office of Susquehanna County in deed book No. 160, at page 234, until after the date of events we have recited, viz., September 28, 1931, at 10 o'clock A. M.

The original policies of insurance by said companies were issued in the name of the husband, George M. Henry, when he was sole owner in fee simple of the property so insured, and were so renewed in his name without knowledge by the companies of such change of title by the deed of December 29, 1927, and obviously without knowledge by the then owners, viz., the husband and wife as tenants by entireties, of the legal necessity of such change in names of the assured; the last renewals in his name being on September 3, 1929, in the case of the Hartford policy, and on March 1, 1929, in the case of the Ætna policy.

Since payment to and receipt by the defendant of said insurance money, the plaintiff has made demand of payment of the same to her, which payment the defendant has refused.

### Discussion

It is contended that the payment of the insurance money by the two insurance companies was without legal liability but evidenced a moral obligation on their part to do so and not to take advantage of lack of knowledge or oversight regarding the change in ownership of the property insured, and that the receipt of such moneys by the defendant imposed upon it the character of trustee for the real owner, the present plaintiff.

It is not urged that the delay in recording until September 26, 1931, of the deed vesting title by entireties in husband and wife affects the rights of the parties at bar, and obviously it would not, but as between the parties themselves it makes no difference; the promptness of time for recording provided by statute is to protect intervening bona fide purchasers or encumbrancers with no notice of the prior conveyance.

It must be conceded, as it is, that the testator, George M. Henry, or his estate had no beneficial or insurable interest in the burned buildings at the time of the fire; but that such insurable interest was in the plaintiff by right of survivorship under the deed of December 29, 1927, and the death of her husband. The attorney for the present plaintiff urges that the payment by the insurance companies to the executor of the estate of the husband was purely voluntary, but by virtue of the agreement set forth in the insurance policies and not as a gift or in the nature thereof, and that the companies have no interest in the present controversy.

The learned attorney for the defendant has cited the following cases: Schroedel v. Humboldt Fire Ins. Co., 158 Pa. 459, Duda v. Home Ins. Co. of N. Y., 20 Pa. Superior Ct. 244, Elliott v. Teutonia Ins. Co., 20 Pa. Superior Ct. 359, Kompa v. Franklin Fire Ins. Co., 28 Pa. Superior Ct. 425, and Lehman v. Lancaster County Mutual Ins. Co., 45 Pa. Superior Ct. 375, to the effect that under a fire insurance policy alleging the "unconditional and sole ownership" of the

property in the assured, in case of fire and suit by the assured against the company to recover the amount of the loss, the latter has a perfect defense and is entitled to binding instructions to the jury in its favor if ownership be shown in another than the assured. These cases do not apply because in them the companies interposed the defense in the suit, while at bar such defense was waived and voluntary payment made.

Likewise, in the other cases so cited, Phila. Tool Co. v. British Am. Assurance Co., 132 Pa. 236, Western & A. Pipe Lines v. Home Ins. Co., 145 Pa. 346, 362, and Clymer Opera Co. v. Flood City Mutual Fire Ins. Co., 238 Pa. 137, wherein the policies contained the same statement as to sole ownership, but such statement was not in the application to the companies for the insurance, but where the companies had knowledge that the assured actually had an insurable interest, the latter was permitted to recover to that extent in case of loss. In the case at bar when the fire occurred the assured named in the policy, viz., George M. Henry, or his estate, had no beneficial interest in the property burned; such sole beneficial interest, by virtue of her title by survivorship, had become vested in the present plaintiff.

Our own independent research has brought to our attention a line of authorities not noted by the attorneys in the case at bar, which involves our determination of the status of the husband; whether at the last renewal and issuance of the two insurance policies he as one of the then tenants by entireties had an insurable interest as well as a beneficial interest in the property insured.

In Harris v. York Mutual Ins. Co., 50 Pa. 341, 349, it was held that a husband, as tenant by the curtesy of the real estate of his wife, may effect a valid insurance therein in his own name. Woodward, C. J., in his opinion, gives two reasons for sustaining an action to recover for loss upon such a policy, entering judgment for the plaintiff (who was the husband) :

1. "His [the husband's] interest exists still, and is none the less vital because protected during his wife's life," and

2. "If there were more doubt than there is about the insurableness of the husband's interest, we think his purchase of the policy could be supported on the ground of agency for his wife," citing Lord Eldon in Lucan v. Crawford (not available to us at this writing), that "It was not necessary that the assured should have a beneficial interest in the property insured, but that it is sufficient if he be clothed with the character of trustee, agent or consignee." And as to the status of such a person named as the assured in the policy, he cites Miltenberger v. Beacom, 9 Pa. 198, and Siter et al. v. Morrs, 13 Pa. 218 (to which we will have occasion to refer later in this opinion), and holds that "on both grounds, that of the husband's interest as tenant by the curtesy, and that of agency for his wife, this insurance, which was obtained without any fraudulent concealment or misrepresentation, was well taken, and ought to be sustained."

This authority is noted and approved by Koch, J., in Storey v. Hoppes, 6 D. & C. 208, 210, and in Roberts, Trustee, v. Firemen's Ins. Co. et al., 165 Pa. 55, as applied to the status of the assured as trustee for another. It is held that "An agent or consignee, having the principal's property in his possession, being responsible for it, and having a special interest in it to the amount of his commissions, may insure it in his own own name, and in case of loss recover the full amount of his policy, holding all beyond his own interest in trust for his principal."

In Miotke v. Milwaukee Mechanics' Ins. Co., 113 Mich. 166, 71 N. W. 463, and Clawson v. Citizens' Mut. Fire Ins. Co., 121 Mich. 591, 80 N. W. 573, we find it decided that there may be valid insurance upon the title of husband and wife by entireties although the policy be in the name of the husband alone as owner.

The authorities we have cited support our conclusion that at the last renewals of the two insurance policies in the case ar bar the assured had an insurable interest in the property in question, and also as agent of his wife, which effected a valid insurance attaching to the entire title by entireties of both. And although his insurable interest had ceased by his death before the fire occurred, the loss was then payable and enforceable against the companies by virtue of the contracts evidenced by the policies, in which he was one of the contracting parties.

It follows that if living at the time of the fire George M. Henry, the husband, the person insured, would be the only proper claimant to sue for the insurance money; but he being deceased, the present defendant as his executor was the proper party. While it is not necessary so to state, it may be presumed that the voluntary payment to such executor was made because of the companies' recognition of their legal liability for such payment.

With the foregoing conclusions, it follows under the following cases that the present defendant holds possession of the proceeds of such insurance as trustee for the real owner, Susan E. Henry, who may recover the same in this action: M. Thomas & Sons v. Cummiskey, Admin'x, 108 Pa. 354; Roberts, Trustee, v. Firemen's Ins. Co., 165 Pa. 55; Siter et al. v. Morrs, 13 Pa. 218; Miltenberger v. Beacom, 9 Pa. 198; Harris v. York Mutual Ins. Co., 50 Pa. 341; Brand et al. v. Williams, 29 Minn. 238, 13 N. W. 42.

In the case last cited, Mitchell, J., says:

"There need be no privity between the parties, or any promise to pay, other than that which results or is implied from one man's having another's money which he has no right conscientiously to retain. In such case the equitable principle upon which the action is founded implies the contract and the promise."

And now, to wit, July 25, 1932, we find for the plaintiff and against the defendant upon the facts in the case stated and direct that judgment be entered in favor of the plaintiff and against the defendant for the sum of $364.68.