## Diffenbaugh, Appellant, *v.* Union Fire Ins. Co.

[Marked to be reported.]

*Fire insurance—Disclosure of title—Husband and wife.*

There can be no recovery by a wife for a loss of her goods by fire where they were insured in the name of her husband, without notice to the company of her ownership, on a policy of insurance which contained a clause voiding the policy if the interest of the insured be not truly stated therein.

*Reformation of policy—Mistake—Agency—Evidence.*

An offer to show that the husband was acting as the agent of the wife when he made the application for insurance, that just before this insurance was effected, the husband effected insurance of other property of the wife, the policies for which were written in her name, and that neither the husband nor the wife knew until after the fire that the policy in suit had been written in the husband's name instead of in the wife's name, is inadmissible, where no offer was made to reform the policy or to show that the company knew of the agency.

Argued May 18, 1892. Appeal, No. 140, July T., 1891, by plaintiff, from judgment of C. P. Lancaster Co., March T., 1889, No. 16, nonsuit, in assumpsit on fire insurance policy. Before PAXSON, C. J., STERRETT, MCCOLLUM, MITCHELL and HEYDRICK, JJ.

The title of plaintiff in the suit was amended from "Emma M. Diffenbaugh" to "Henry Diffenbaugh, agent for and for use of Emma M. Diffenbaugh, wife of Henry Diffenbaugh."

The evidence was to the following effect, on the trial before LIVINGSTON, P. J.: The title to the realty on which the buildings insured were located was in Mrs. Diffenbaugh. On March 31, 1875, she had a certificate of the court entitling her to her separate earnings. On April 3, 1875, she constituted her husband her agent to carry on the business of butchering on the premises. All the contents, named in the policy, belonged to her.

Plaintiff then offered in evidence the policy in suit, covering property of Henry Diffenbaugh, but the court rejected it. [1]

The policy contained the following conditions:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact

or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof; whether before or after a loss. This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if . . . . the interest of the insured be other than unconditional and sole ownership."

Plaintiff then offered to prove by her husband, as follows:

" 1. That he was acting as the agent for his wife, when he made the application for the insurance with Myers & Eckenrode, agents for the company defendant. [2]

" 2. That just before the insurance was effected, he, through the same agents, effected insurance of other real estate of his wife, the policies for which were written in her name, that neither witness nor his wife knew that these agents had written the policy in suit in his name, instead of in her name, until after the fire and loss." [3]

Objected to and disallowed.

The court refused to allow plaintiff to answer the following questions: " Did you authorize your husband, at the time this policy was taken out, to insure in this company and to take out this policy?" [4]

Also the following question: " Did your husband take out this policy, and did you know at the time your husband did take out this policy?" [5]

The court rejected an offer of alleged proof of loss. [6]    Also offer of evidence to prove loss. [7]    And entered a nonsuit, and afterwards refused to take it off. [8]

Plaintiff thereupon took this appeal.

*Errors assigned* were (1–7) rulings on evidence, quoting the offers as above; and (8) refusal to strike off nonsuit.

*H. C. Brubaker, G. C. Kennedy* with him, for appellant.— There was no written application. The husband orally directed the policy to be made in the wife's name. There was no fraudulent misrepresentations as to ownership. There could have been no motive for such representations. Nor could there have been any objection on the part of the company to insure in the wife's name. Such was the intention of the

parties. The policy was written in the husband's name by mistake. Equity will reform such a contract: Snyder v. May, 19 Pa. 235; Moliere v. Fire Ins. Co., 5 Rawle, 346; Ins. Co. v. Scott, 27 Leg. Int. 76. It is immaterial whose act it was: Moliere v. Ins. Co., above.

The husband had acted as the wife's agent, and the hus-' band's purchase of the policy can be supported on the ground of agency: Harris v. York Mut. Ins. Co., 50 Pa. 349; Story, Agency, § 3, 5th ed.

The policy was written with the full knowledge of the company with the intention to insure the wife's property.

A policy is to be read in the light of the circumstances that surround it: Phila. Tool Co. v. Assurance Co., 132 Pa. 241. And most strongly against the company: Tool Co., above; Grandin v. Ins. Co., 107 Pa. 26; Ins. Co. v. Dunham, 117 Pa. 460; Ins. Co. v. Hoffman, 125 Pa. 626.

*Mariott Brosius*, for appellee.—There is no evidence of mistake or that the husband orally directed the policy to be made in the wife's name. To authorize reformation, the mistake must be mutual.

Harris v. York Mut. Ins. Co., 50 Pa. 349, was a mutual company, and the policy contained no provision requiring sole ownership or the nature of the title to be stated, as in our case.

The wife made no contract with defendant, and the husband has no property to insure. The only escape is to strike out of the contract the conditions which stand in the way of recovery.

If the interest is required to be truly stated, a failure to state it renders the policy void: Richards, Insurance, 143.

Conditions in a policy are a part of the contract, and are presumed to be seen and understood by the assured: Kensington National Bank v. Yerkes, 86 Pa. 227.

The "sole and unconditional ownership" clause in a policy of insurance is a reasonable and valid provision: Richards, Insurance, 153; Weed v. London & Lancashire Ins. Co., 116 N. Y. 106; Phila. Tool Co. v. Assurance Co., 132 Pa. 236; Grandin v. Ins. Co., 107 Pa. 26. These cases hold that while, in some cases, under the "sole ownership clause," the assured could recover for the interest he had, though it was less than a fee simple, yet in no case could there be a recovery for any interest not covered by the policy.

It may be important to the risk for the company to know whether the insured is sole or only part owner: Grandin v. Ins. Co., 107 Pa. 26.

In case of a provision in a policy against a sale or change of interest, it was held that a sale by the husband to his wife through a third person avoided the policy : Oakes v. Manufacturers Ins. Co., 131 Mass. 164; Walton v. Agricultural Ins. Co., 116 N. Y. 326.

A husband cannot insure his wife's property in his own name, when the policy requires a disclosure of title : Agricultural Ins. Co. v. Montague, 38 Mich. 548; Traders Ins. Co. v. Newman, 120 Ind. 554; Clark v. Dwelling Ins. Co., 17 Atl. R. 303; Eminence Mutual Ins. Co. v. Jesse, 1 Met., (Ky.) 523 ; Ostrender v. Ins. Co., 157–188; nor where husband and wife own. jointly, without disclosure of title : Ætna Ins. Co. v. Resh, 40 Mich. 241; nor where policy requires absolute ownership : Pelican Ins. Co. v. Smith, 9 Southern R. 327; May, Ins., §§ 285–6, 3d ed. As fee and tenant by curtesy : Leather v. Farmers Mut. Ins. Co., 24 N. H. 259.

OPINION BY MR. CHIEF JUSTICE PAXSON, July 13, 1892.

This was an action in the court below to recover the amount of loss sustained under a fire insurance policy. Upon the trial below, the plaintiff offered the policy in evidence, which, upon objection, was excluded by the court. The ground for this ruling was that the policy was in the name of Henry Diffenbaugh, while the suit was brought in the name of Emma M. Diffenbaugh, his wife. In other words, the husband insured the property in his own name, while the insurable interest and title thereto was in his wife. The learned judge also declined to permit the plaintiff to prove by her husband that he was acting as her agent when he made the application for the insurance with the agents of defendant company. There was no offer to show that when the company wrote the policy they were informed of the fact that the property belonged to the wife.

The plaintiff relies upon Harris v. York Mutual Insurance Company, 50 Pa. 349; Story on Agency, and some other authorities, to sustain her position that where an insurance is effected by an agent, he may insure in his own name, or in the

name and for the benefit of his principal.   Story does certainly lay down this doctrine, and we are not now disputing it.   All that Harris v. The Insurance Company decided was that a tenant by the curtesy, has an insurable interest in the real estate of his wife.   It is true, the language of Woodward, C. J., is broader than the point decided.   In the case in hand, however, the policy contains a clause which takes it out of the line of cases cited by the appellant.   The clause is as follows: "This entire policy shall be void . . . . if the interest of the insured be not truly stated herein."   This clause is not without force.   Its meaning is apparent.   Its object is to enable the insurance company to know who it is insuring.   It might be entirely willing to insure the property of A. and yet refuse to insure the property of B. upon any terms.   As there was no pretence that when Henry Diffenbaugh insured this property in his own name, he informed the company that the property belonged to his wife, we are of opinion the latter cannot recover, and that she was properly nonsuited.

It is true, that equity will reform a written contract in a case of fraud, accident or mistake.   There was no evidence, however, before the court, by which this contract could have been reformed, nor was there any offer made to reform it.

Judgment affirmed.