## O. H. Bateman, Appellant, v. the Lumbermen's Insurance Company of Philadelphia.

189    465
20 SC  249
20 SC  361

*Insurance—Agents—Apportionment of loss—Fire insurance.*

Where one who has an interest in a building, but who is not the " sole and unconditional owner " of it, applies for insurance to an insurance broker, who is also the agent of an insurance company, giving him a correct statement of his interest in the property, and the broker, without any instructions from the owner, and without any knowledge on the part of the owner or of the company which he represents, places part of the insurance in his own company and part in another company, but does not communicate to the other company the information which he had received from the insured as to the ownership of the property, the broker is the agent of the insured in placing the insurance in the second company, and that policy being invalid because the insured was not the " sole and unconditional owner " of the property, and the policy of the agent's own company containing a provision that it shall not be liable for a greater proportion of the loss " than the amount hereby insured shall bear to the whole insurance, whether valid or invalid," it will be required to pay on its own policy only what it would have had to pay if the other policy had been valid.

Argued Nov. 9, 1898. Appeal, No. 186, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1894, No. 645, on verdict for defendant. Before GREEN, Mc-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit upon a policy of fire insurance.

This case was tried with another case by the same plaintiff against the Manufacturers' and Builders' Insurance Company.

The facts appear by the opinion of WHITE, P. J., on a motion for a new trial, which was as follows:

The above cases were tried together. The Pittsburg Shoe

Company, in 1893, had a stock of shoes valued at $4,700, in storage in the Pittsburg Storage Company, and, needing money, applied to the plaintiff to assist them by indorsing their paper. He indorsed a note for $2,000, which he had to pay at maturity. He agreed to indorse to the amount of $3,500, but the fire occurred before any further indorsements. As security for his indorsement, the shoe company transferred the certificate of storage company and a bill of sale of the goods and agreed to have the goods insured in his name for $3,500. Mr. Kerr, the treasurer of the shoe company in pursuance of that agreement, applied to Mr. John D. Biggert, an insurance broker, and agent of the Lumbermen's Insurance Company, for a policy to that amount. Mr. Biggert placed $2,000 of it in the Lumbermen's Insurance Company and $1,500 in the Manufacturers' and Builders' Insurance Company. The policies were dated October 12, 1893, running for one year from October 10. The goods were totally destroyed by fire October 27, 1893.

The defense in both cases was that the companies were not liable because Bateman was not the "sole and unconditional owner," as stipulated in the policies. This was met at the trial as to the Lumbermen's Insurance Company by evidence that Biggert was the regular agent of that company, and that before the policies were issued Mr. Kerr, of the shoe company, had fully explained to him all the facts and the real interest of Bateman. It was held at the trial that, as that company fully understood the facts and the real interest of Bateman, it was estopped from setting up this defense. As there was no such evidence as to the Manufacturers' and Builders' Insurance Company, a nonsuit was granted in that case.

The counsel for the plaintiff contended that as Biggert was the agent of the Lumbermen's Insurance Company, and failed to explain the matter to the Manufacturers' and Builders' Insurance Company, by which that policy was lost, the Lumbermen's Insurance Company was liable for the whole amount of its policy of $2,000. The defendant's counsel contended it was only liable for its pro rata proportion, or four sevenths. As explained to counsel at the time, a verdict was taken for the whole amount, subject to the consideration of the court in banc whether that company was liable for the whole amount of its policy, or only for four sevenths thereof, that being its pro rata share of $3,500.

There is a provision in the policy that this company shall not be liable under this policy for a greater proportion of the loss "than the amount hereby insured shall bear to the whole insurance, whether valid or invalid, or by solvent or insolvent insurers, covering such property." This provision, however, would not apply to this case if the Lumbermen's Insurance Company was responsible for Biggert not explaining the facts to the Manufacturers' and Builders' Insurance Company. That, then, is the real question before us.

The plaintiff, through Kerr, applied to Biggert for $3,500 insurance. He did not apply at the office of the Lumbermen's Insurance Company, but applied to Biggert, knowing he was an insurance agent, but not knowing what companies he represented. Biggert being an agent of that company, his knowledge becomes the knowledge of that company. Kerr gave no instructions as to what company or companies the policy should be placed in. He received from Biggert the two policies without any objection or making any inquiry. Under this evidence of Kerr, Biggert must be considered as Kerr's agent, at least, in reference to the policy in the Manufacturers' and Builders' Insurance Company. Biggert effected that policy through Morris, the agent of that company. The testimony of Biggert and Morris shows it was a common practice of insurance agents to exchange and divide risks in this way. In doing so they acted as insurance brokers, not as agents for insurance companies.

Biggert was the agent of the Lumbermen's Insurance Company, and as such signed this policy to Bateman for $2,000. He was not the agent of that company in placing the $1,500 policy in the Manufacturers' and Builders' Insurance Company. The Lumbermen's Insurance Company cannot, therefore, be held responsible for Biggert's neglect to inform Morris of the facts of the case and Bateman's true interest. And from Morris's testimony he had no knowledge on the subject, but believed Bateman was the real and sole owner.

If the foregoing be a correct view of the case, then the Lumbermen's Insurance Company is liable only for the four sevenths of $2,000, which would be $1,142.86. Counting interest from February 14, 1894, to October 11, 1897, the date of the verdict —$257.39—makes $1,400.25 for which the Lumbermen's Insur-

ance Company is liable, and the verdict is hereby reduced to that sum.

It is stated by counsel that both cases will go up to the Supreme Court. If there should be a reversal in the Manufacturers' and Builders' Insurance Company, it would be liable for four sevenths of $1,500, with interest from February 14, 1894, to October 11, 1897, amounting to $1,045.71, for which judgment could be entered. Then the reduction in the verdict against the Lumbermen's Insurance Company will be right. If no reversal in the first case, and I should be wrong in this reduction, then the Supreme Court can enter judgment against the Lumbermen's Insurance Company for the amount of the verdict. This can be done and save new trials, for both cases were tried together, and the evidence is complete in both cases.

This conclusion renders a new trial in each unnecessary, and new trials are refused.

*Error assigned* was the order of the court reducing the amount of the verdict.

*E. G. Ferguson*, with him *J. S. Ferguson*, for appellant.—To entitle insurance companies to claim contribution, the insurance must be of the same subject-matter, the same interests and against the same risks : Connecticut Fire Ins. Co. v. Merchants' & Mechanics' Ins. Co., 15 Ins. L. J. 615 ; Royster v. Roanoke N. & B. S. B. Co., 15 Ins. L. J. 843 ; Lowell Mfg. Co. v. Safeguard F. Ins. Co., 88 N. Y. 591.

The appellee company, under the circumstances, we think, is estopped from setting up any claim to apportionment of this loss, especially in view of the fact that Mr. Biggert received an application for the entire insurance to be placed : Light v. Countrymen's Mut. F. Ins. Co., 169 Pa. 310.

The policy of the Manufacturers' and Builders' Insurance Company was not merely an invalid policy, or a voidable policy, but it was absolutely void at the time it was issued : Mitchell v. Lycoming Mut. Ins. Co., 51 Pa. 409 ; Stacey v. Franklin F. Ins. Co., 2 W. & S. 506 ; Lattan v. Royal Ins. Co., 16 Vroom, 453 ; Marshall v. Ins. Co. of N. A., 28 W. N. C. 283 ; Hygum v. Ætna Ins. Co., 11 Iowa, 21 ; Wachter v. Phœnix Insurance Co., 132 Pa. 428.

*J. M. Garrison*, for appellee, was not heard, but cited in his printed brief: Cassity v. Ins. Assn., 65 Miss. 49; Liverpool, London, etc., Ins. Co. v. Verdier, 35 Mich. 395; Stacey v. Franklin F. Ins. Co., 2 W. & S. 506; Mitchell v. Lycoming Mut. Ins. Co., 51 Pa. 409; Westfield Cigar Co. v. Ins. Co., 47 Northeastern Rep. 1026; Bard v. Penn Mut. Fire Ins. Co., 153 Pa. 261.

PER CURIAM, January 3, 1899:

The judgment in this case is affirmed on the opinion of the learned court below.