## Duda v. Home Insurance Company of New York, Appellant.

*Insurance—Fire insurance—Unconditional and sole ownership.*

A fire policy on personal property in which the insured warrants that the "unconditional and sole ownership," is in himself, is void where it appears that the property insured was in a drinking saloon and consisted of a stock of liquors and cigars, ice-boxes, cigar cases and bar and barroom fixtures, household furniture and wearing apparel, and that the insured was in possession of the saloon under a lease in which it was provided that all the personal property on the premises "shall be left there at the expiration of the term in as good condition as when found, or its value in cash."

Argued Jan. 15, 1902. Appeal, No. 53, Jan. T., 1902, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1898, No. 52, on verdict for plaintiff in case of Simon Duda v. Home Insurance Company of New York. Before Rice, P. J., Beaver, Orlady, Smith, W. W. Porter and W. D. Porter, JJ. Reversed.

Assumpsit on a policy of fire insurance. Before Ferris, J. The facts are fully stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $175. Defendant appealed.

*Error assigned* was in entering judgment for plaintiff on the point reserved.

*S. J. Strauss*, for appellant.—The plaintiff was not the sole and unconditional owner of the property: West Chester Fire Ins. Co. v. Weaver, 70 Md. 536; Cuthbertson v. North Carolina Home Ins. Co., 96 N. C. 480; Burson v. Fire Assn., 136 Pa. 278; Hooper v. Robinson, 98 U. S. 528; Hancox v. Fishing Ins. Co., 3 Sumner, 132; McCormick v. Springfield Fire Marine Ins. Co., 66 Cal. 361; Buffum v. Bowditch Mut. Fire Ins. Co., 10 Cush. 540; Trade Ins. Co. v. Barracliff, 16 Vroom, 543.

We admit that the plaintiff had an insurable interest, but it fell far short of any kind of ownership and was not an interest that might be guessed at or presumed.

*A. Salsburg*, with him *Chas. B. Lenahan*, for appellee.—Duda had an insurable interest in the property: Wood on Insurance, sec. 226; Western, Pipe Lines v. Home Ins. Co. etc., 145 Pa. 346.

There was no misrepresentation as to ownership: Phila. Tool Co. v. British American Assur. Co., 132 Pa. 236; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460; Bole v. New Hampshire Fire Ins. Co., 159 Pa. 56; Caldwell v. Fire Assn. of Phila., 177 Pa. 492.

OPINION BY ORLADY, J., April 21, 1902:

This action of assumpsit is brought to recover the amount of loss claimed to have been sustained by the plaintiff by reason of the destruction of, or damage to, certain personal property in a building conducted as a saloon, which he occupied under a lease "for, during and until the full end and term of two years from April 1, 1897." The lease contained the following provision: "It is hereby agreed that all personal property found on the premises herein described when said Simon Duda takes possession shall be left there at the expiration of the term in as good condition as when found or its value in cash." In the policy the property is described as follows: "Two hundred and fifty dollars on his stock of liquors, ales, wines, beers and cigars; $250 on his ice boxes, cigar cases, beer pumps, pipes and faucets, and bar and barroom fixtures and furniture of every description; $300 on household furniture of every description, useful and ornamental, family wearing apparel and family provisions"; and the policy also contained the follow-

ing clause, to wit: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss, . . . . or if the interest of the insured be other than unconditional and sole ownership."

The fire occurred about one month after the policy had been issued. In construing the proviso in the lease relating to the personal property on the premises, the learned trial judge instructed the jury as follows: "We say to you that under that clause the possession of this personal property passed to Duda, the tenant, and the plaintiff here, with the right to use the property during the continuance of the lease and also with the option to purchase it at its value. His interest, therefore, in this particular property was that of a lessee with an option to remove the property and pay the value of it, or with the obligation of paying the value for it unless he left it on the premises at the expiration of his term in as good condition as when found." The defendant submitted a point as follows: "Under all the evidence in the case Simon Duda was not the unconditional and sole owner of the property described in the policy as ice boxes, cigar cases, beer pumps, pipes and faucets, and bar and barroom fixtures and furniture of every description, at the time that the policy was issued," which was answered by the court reserving that question, and subsequently, in an opinion filed, holding that the policy sued upon was not affected by the clause relating to the unconditional ownership, and that the plaintiff was entitled to judgment on the point reserved.

Under the clause, in the lease, above referred to, it cannot be held that the personal property therein mentioned was Duda's in any substantial sense. He was to return it by leaving it on the premises at the expiration of the term in as good condition as when found, and the concluding words, " or its value in cash " did not impose any additional legal liability on him. His use of it was to be temporary, during his tenancy; and the owner, the landlord, had an admitted adverse claim to the property as such when the term mentioned in the lease would expire. It

is admitted that the plaintiff had an insurable interest and could have secured an insurance on this property by disclosing the nature of his interest and seeing that it was properly noted in the policy. By the description given to the insurance company it was all declared to be the property of the plaintiff and it could not be contended that the part described as "fixtures of every description" could be detached from the freehold and removed by him upon payment of its value in cash. The clause quoted could not be construed to be an option to buy when taken in connection with the other parts of the lease and the circumstances surrounding the transaction. The building was conducted for saloon purposes and equipped as such, and to have a tenant at the expiration of a short lease dismantle what is regarded as the most lucrative part of such a property would be an unreasonable construction. Nor is there anything to indicate a purpose on the part of the landlord to sell, or on the part of the tenant to buy.

There was no written application for the policy, and no statement by the insured at the time when the policy was obtained to indicate that his title differed in any respect from that contemplated by the form of policy in use, in regard to which a a plain statement is found in 13 Am. & Eng. Ency. of Law (2d ed.), 228, viz.: " Explicit questions are largely or wholly replaced by conditions that the interest of the insured must be truly stated, and that if the title or interest is other than the one specified, it must be specifically described, or the insurance will be avoided ; and the statements of title in the policy, where there are such conditions, are construed in the same manner as answers to express interrogatories. The conditions have the effect of questions as to the nature of title or interest, and in case a statement thereof would be false or insufficient if made in answer to a question or if the facts are not disclosed which would be required in such answers there is a breach of the contract. Where such conditions are contained in the policy, and there is no statement of the title or specific interest, an acceptance of the policy amounts to a representation by the insured that his title or interest is that stated in the condition, and if his title or interest is substantially different, the insurance is avoided."

Although the goods referred to in the lease were in the pos-

session of the plaintiff, and he was under a contract to be responsible for their safekeeping and to return them in as good condition as he received them, or otherwise to pay for their value in cash, and although he would be liable in damages if they were destroyed or converted to his own use, such liability does not determine the title to the property. The cases of Philadelphia Tool Company v. British American Assurance Co., 132 Pa. 236, and Western, etc., Pipe Lines v. Home Insurance Co., 145 Pa. 346, on which the learned court below relied, do not govern this case. In the earlier case the insured was a manufacturing company occupying brick and frame buildings as a lessee; its machinery and tools were in these buildings and its business was conducted therein; it had no title, legal or equitable, to the real estate, and no interest in it except as lessee. Its property was, therefore, all personal and insurable as such, consisting of the leasehold interest in the real estate, and the machinery and tools in the buildings, on all of which it wanted insurance. The defense was that because the policy was partly upon real estate and partly upon personal property, for which an entire premium was paid, and as the insured had no title in the land the policy was void as to it, and being void in part it was void in whole so that no recovery could be had for either. The Supreme Court said: "We ought to assume that a policy written under such circumstances was written upon the knowledge of the representative of the insurer and intended to cover in good faith the interest which the insured had in the buildings. The policy covering only the interest of the lessee, the ownership of the fee becomes immaterial. We conclude that the policy written on the knowledge of the insurer was made in view of the facts of the case and was intended to cover such interest in the buildings as the insured had. This was a leasehold only, but it was an insurable interest." In the case before us there is nothing to show that the insurer was advised of any fact affecting the title to the personal property. The occupancy of the real estate by the insured as a saloon keeper would not reasonably put the insurance company on inquiry as to whether the personal property in the saloon was any other than claimed by Duda, that is, his personal property. In the latter case the insurance was on oil in a tank, in regard to which the Supreme Court said: "While

in one sense the plaintiff was not the owner of the oil, yet in so far as risk from loss by fire was concerned, it may to all intents and purposes be considered as the owner. According to the contract made with its customers, it was bound to protect, by insurance, the oil in its tanks at its own expense. In case of destruction by fire without insurance, it would have been bound to its customers to make good the loss, to the extent of the value of the oil, therefore, it certainly had an insurable interest and in a certain sense was at least quasi-owner of the oil." In the present case there was no obligation on Duda to insure the property for the benefit of the landlord, and under the terms of the lease, the tenant did not have any title to the property, though he had it in his possession.

Nor is the case of Caldwell v. Fire Association of Philadelphia, 177 Pa. 492, an authority for the plaintiff. In that case the insurance company had information of "a doubtful interest and mixed ownership," and made inquiry of the plaintiff as to "who the title was in," to which the latter replied, "The title is in me; I have the deed;" which was technically true as Caldwell had a sheriff's deed for the premises, in which he was the grantee; and subsequent to acquiring title through the sheriff's sale other parties, who had contributed to the purchase money of the property, agreed that the real estate should be sold or disposed of by Caldwell and that he should distribute and pay to the contributors each his pro rata share of the proceeds. He had the legal title to the property and the case so decides. "The company, through its agent, previously knew that more than one person was interested in the property or the proceeds thereof, and nothing was ever said or done by the insured to indicate anything to the contrary."

The question is not whether the insured had an insurable interest but whether he had the interest described in the policy: Schroedel v. Humboldt Fire Insurance Co., 158 Pa. 459; Bateman v. Lumbermen's Insurance Co., 189 Pa. 465; Moore v. Susquehanna Mut. Fire Insurance Co., 196 Pa. 30. The testimony clearly establishes the fact, under our decisions, that he did not have an unconditional and sole ownership in this property and that the interest of the insured in the property was not truly stated in the policy, under which facts, there was a misrepresentation or concealment in regard to a material

fact or circumstance concerning the subject-matter of this insurance. These facts were clearly within the knowledge of the insured, and had they been known to the insurer might or might not have affected the taking of the risk; but whether so or not is immaterial, as under the policy he was obliged to disclose these facts to the company so that they could be considered and acted upon, and the true title noted in the policy, the reason for which is given in many decisions. As there is nothing in the case to warrant us in assuming that the agent of the insurance company had knowledge of the true state of affairs, the defendant was entitled to judgment on the point reserved, and the judgment is reversed, and judgment is now entered for defendant.