## Elliott, Appellant, *v.* Teutonia Insurance Company.

*Insurance—Fire insurance—Sole ownership.*

Where a policy of fire insurance included first a stated amount on certain stock, second, a stated amount on certain machinery, and third, a stated amount on factory and office furniture and fixtures, and the policy provides that the entire policy shall be void " if the interest of the insured be other than unconditional and sole ownership," and the policy also contains a clause contemplating the covering of an interest in the subject of insurance other than the interest to be insured, provided the consent of the company is obtained, and it appears that the machinery insured was owned by a third party and that this fact was not disclosed to the company until after a fire, the whole policy is void.

Argued April 14, 1902. Appeal, No. 62, April T., 1902, by plaintiff, from order of C. P. No. 1, Allegheny Co., Dec. T., 1900, No. 347, refusing to take off nonsuit in case of B. K. Elliott

and George Best, trading as the Elliott Electric Blue Print Company v. Teutonia Insurance Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before COLLIER, J. The opinion of the Superior Court states the case.

*Error assigned* was refusal to take off nonsuit.

*William M. Hall, Jr.*, for appellants.—The plaintiffs had no insurable interest in the machinery. They had no interest at all. They expected to have machinery of their own in the plant in a few days as they had bought it, and it had been shipped. It was not covered in the policy, and should not have been included in the proofs of loss or this suit. If the plaintiffs had had any interest at all, then the lines might apply.

It is a general proposition that a policy like this is to be interpreted most strongly against the company whose contract it is : Philadelphia Tool Co. v. British Am. Assurance Co., 132 Pa. 241; Western Insurance Co. v. Cropper, 32 Pa. 351; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 475 ; Ambrose v. First Nat. Fire Ins. Co., 19 Pa. Superior Ct. 120; Grandin v. Rochester German Ins. Co., 107 Pa. 26.

*H. L. Castle*, with him *Stone & Stone*, for appellee.—We think there can be little or no controversy about the fact that where a policy provides, as does this one, that " the entire policy shall be void if the interest of the insured be not truly stated therein" and, as in this case, it is not truly stated, but upon the contrary they insured property and sought to recover the insurance where they had absolutely no insurable interest at all; that this will annul the entire policy : Moore v. Susquehanna Mut. Fire Insurance Company, 196 Pa. 30 ; Bateman v. Lumbermen's Ins. Co., 189 Pa. 465 ; Schroedel v. Humboldt Fire Ins. Co., 158 Pa. 459.

OPINION BY WILLIAM W. PORTER, J., May 22, 1902:

This suit is brought by the plaintiffs upon a specific policy of insurance against loss by fire, containing three items : first,

a stated amount on certain stock; second, a stated amount on certain machinery; third, a stated amount on factory and office furniture, fixtures, etc.   The testimony of one of the plaintiffs is unequivocal, that the machinery, covered by the second item, did not belong to the plaintiffs, but to a third party who permitted the plaintiffs to use the machinery until new machinery should be acquired, with option to purchase the old machinery if the new proved unsatisfactory.   The fact that the plaintiffs did not own this machinery was not indicated to the defendant company until after the fire.   The policy by its terms purports to insure the plaintiffs as owners, and no other person. It contains no clause or expression that would make the company liable without reference to ownership.   It stipulates that the entire policy shall be void if the insured has concealed any material fact concerning the insurance, or the subject thereof; or "if the interest of the insured in the property be not truly stated herein."   It further provides that the entire policy shall be void "if the interest of the insured be other than unconditional and sole ownership."   It also contains a clause that contemplates the covering of an interest in the subject of insurance other than the interest of the insured, provided the consent of the company is obtained.   As the interest of no third party was disclosed to the company, no consent of the company to the covering of the interest of said third party was ever given.   The expressed stipulations of the policy, in view of the admitted fact that the interest of the insured was not "unconditional and sole ownership," required the court below to enter the nonsuit.   Authorities are not wanting to sustain this conclusion: Moore v. Susquehanna Mutual Fire Insurance., 196 Pa. 30; Bateman v. Lumbermen's Insurance Co., 189 Pa. 465; Schroedel v. Humboldt Fire Insurance Co., 158 Pa. 459; Diffenbaugh v. Union Fire Insurance Co., 150 Pa. 270; Grandin v. Rochester German Insurance Co., 107 Pa. 26.

The judgment is affirmed.