# Enyeart *v.* Farmers Fire Insurance Co. of York, Appellant.

*Insurance—Fire insurance—Vacant premises—Conflict of testimony—Case for jury.*

In an action on a policy of fire insurance where the defense is that the premises had been vacant at the time of the fire for ten days in violation of the policy, the case is for the jury where the

plaintiff testifies that on April 20th, the premises had been vacated by his tenant, that on the evening of that day notice had been given to the company, and that the fire occurred on April 30th, while a witness for the defendant testifies that the premises had been vacated on April 16th.

*Insurance—Fire insurance—Sole ownership—Equitable ownership—Adverse possession.*

A defense by a fire insurance company in an action on a policy, that the insured was not the sole owner of the premises destroyed, is met by proof that the insured some years before had owned the premises in fee, that being insolvent the property had been sold at sheriff's sale and bought in by his brothers-in-law, that subsequently the purchasers made a parol agreement to sell their interest to the insured, that the latter remained in possession of the premises from the sheriff's sale and without a lease for over twenty-five years, made improvements and repairs thereon, paid the taxes, took out insurance in his own name and paid the premiums, paid a part of the purchase-money, rented the premises for a time and collected the rents, without the owners of the legal title ever interfering with his possession or control of the property, or asserting ownership: Prospect Dye Works v. Ins. Co., 33 Pa. Superior Ct. 223, distinguished.

Argued Oct. 24, 1916. Appeal, No. 157, Oct. T., 1916, by defendant, from judgment of C. P. Huntingdon Co., Dec. T., 1915, No. 9, on verdict for plaintiff in case of W. S. Enyeart v. The Farmers Fire Insurance Company of York, Pa. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before BAILEY, P. J.

The opinion of the Superior Court states the facts.

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Arthur S. Arnold,* with him *Charles G. Brown,* for appellant.—The case at bar is controlled by the case of

Prospect Dye Works v. Federal Insurance Co., 33 Pa. Superior Ct. 223, which is on all fours with the case at bar and is conclusive thereof.

*James S. Woods,* for appellee, cited: Ambrose v. First Nat. Fire Ins. Co., 19 Pa. Superior Ct. 117; Burkhart v. Farmers Union, Etc., Fire Ins. Co., 11 Pa. Superior Ct. 280.

OPINION BY HEAD, J., March 7, 1917:

Although the record presents numerous assignments of error, they all revolve about two central questions on which the appellant planted its line of defense. A consideration of these two questions will therefore fairly dispose of all of the assignments.

The learned trial judge was asked to direct a verdict for the defendant and thereafter to enter judgment in its favor non obstante veredicto for the reasons, (1) that under the evidence he should have declared, as matter of law, there had been a breach of the covenant in the policy providing for its forfeiture if the premises insured "be or become vacant or unoccupied and so remain for ten days"; (2) that under the evidence the jury should have been instructed there had been a breach of the covenant which would avoid the policy "if the interest of the insured be other than unconditional and sole ownership."

(1) There was a sharp conflict in the evidence as to the date on which the plaintiff's tenant vacated the premises and surrendered the keys. It is agreed the fire occurred on April 30th, and at that time the building was without an occupant. The plaintiff testifies his tenant left during the day of April 20th and turned over to him the keys of the house on the evening of that day. He gave notice to the defendant company of the date of the vacation. The tenant himself, being called as a witness, was unable to testify with any certainty as to the date he left the property. His wife, however, called as a witness

by the defendant, stated quite emphatically they left the property not later than April 16th. Under this state of the evidence, we are unable to see how the learned trial judge could have done other than submit to the jury the disputed question of fact with proper instructions. The jury were clearly informed that if the property actually became vacant on the 16th, there had been a violation of a material covenant in the policy and the plaintiff could not recover. On the other hand, if they accepted the plaintiff's testimony that the house did not become vacant until some time during the day of the 20th of April, then there had been no breach of the policy covenant in that respect and the plaintiff might recover. There appears to us to be no just ground for any complaint concerning the manner in which the question was submitted, and we are therefore of opinion that this branch of the defense failed and furnished no legal justification either for a binding direction in favor of the defendant or for a judgment non obstante veredicto.

(2) The reason most vigorously and ably urged upon us as a proper ground for the reversal of the judgment is that under all of the evidence the trial judge should have declared, as matter of law, that plaintiff was not the sole and unconditional owner of the property insured within the meaning of the policy covenant on that subject. The standard by which the evidence must be measured in case of such a contention has been very recently laid down by the Supreme Court in Livingstone v. Boston Insurance Company, 255 Pa. 1. Excluding, for the sake of brevity, the many cases cited by Mr. Justice WALLING, the following excerpt from his opinion interprets the covenant now in question: "The policy requires that the interest of the assured be that of sole ownership, not that the legal title be in her name. It is familiar law that equitable ownership is sufficient under such policy. 'One who is in undisputed possession and has the sole and entire beneficial ownership is properly described as sole and unconditional owner although the title is held in

another name, if there is no fraud or concealment.' 'If the insured is the absolute owner of the property destroyed a dry trust of the legal title in another will not prevent a recovery.' Actual and substantial ownership is sufficient......Where the insured has an insurable interest so that in case of fire the entire loss would fall upon him, his title is sufficient." To determine whether or not the plaintiff's title to the insured property measures up to the standard thus declared, we must state as briefly as possible the facts appearing from the evidence.

It is conceded that prior to 1888 the plaintiff was the undisputed owner in fee of the property insured, with some additional property, and was in possession of the same, occupying it as his dwelling house. Having been overtaken by financial difficulties, judgments were entered against him and his property was sold at sheriff's sale and bought in by his two brothers-in-law who were perhaps his chief creditors. The sheriff executed and delivered a deed to the purchasers and the same was duly recorded. That judicial sale of course destroyed the title of the plaintiff and disrupted his theretofore legal possession which was an incident of his ownership. The evidence discloses no arrangement of any kind between the sheriff's vendees and the plaintiff until about a year after the date of their purchase. During that year plaintiff continued in possession of the premises, not as a tenant, not by any sort of contract or arrangement with the new owners, but simply as an occupant without any legal right whatever. After the expiration of about one year from the date of the sale, the plaintiff entered into a parol contract for the purchase from the sheriff's vendees of the same property they had acquired at the sheriff's sale. The property was sufficiently described and understood and the purchase-money was fixed and agreed upon, the common understanding being that the parol vendors would retain the legal title until the plaintiff was able to complete the payment of the purchase-money agreed upon. From the date of that contract

down to the time of the fire the plaintiff was in the continuous, open and exclusive possession of the premises, claiming to be the owner thereof and exercising almost every possible act of dominion over it incidental to such ownership. He had, before the date of the fire, paid one hundred and fifty dollars on account of the purchase-money. He had made repairs to the house which, considering its value and locality, might be fairly deemed considerable. He had paid the taxes continuously, which would afford a fair inference that the property was assessed in his name. He had kept it insured in his own name and paid the premiums therefor. After personally occupying it for some years he changed his residence and thereafter selected the tenants for the property, executed leases to them, and received and kept the accruing rents as his own. All of these things occurred practically under the eyes of the holders of the legal title, and never by word or deed did they assert that the legal title still resting in them was anything more than a security for the payment of the balance of the purchase-money. They do not now so assert. On the contrary, they came into the court below as witnesses and testified they had sold the property under the verbal contract indicated to the plaintiff; they regarded him as the owner of it, and at no time had made any claim to any further interest in it than the right to have the balance of their purchase-money. If this plaintiff was not then the sole and beneficial owner of the property insured, within the meaning of the decisions, it is impossible to discover who could be such owner.

Had the parol vendors—the only persons in the world who, apart from the plaintiff, have any interest of any kind in the insured property—taken this policy in their names and right, the company could have defended on the principle of Ambrose v. First Nat. Fire Insurance Co., 19 Pa. Superior Ct. 120. We there said: "It is evident, as is clearly pointed out in the court below in entering judgment for the defendant, non obstante veredicto,

that the vendee and vendor cannot both at the same time
be the sole and unconditional owners of the property.   If
loss occurs before the legal title passes from the vendor
to the vendee, it falls, of course, entirely upon the vendee
who is liable for the entire purchase-money, notwith-
standing the loss by fire, &c."

But assuming, arguendo, the parol contract set up by
the plaintiff and established by the evidence was worth-
less and created no ownership in him, what becomes of
his possession for a quarter of a century?   It was visible,
open, notorious and exclusive.   There was never an hour
in that long period of time when that possession rested
on any other foundation than a claim of ownership.   The
bona fides of that claim is attested by a continuous series
of acts of dominion over the property inconsistent with
any other relation to it than that of ownership.   Is there
anything in reason or authority to deny to this plaintiff
the assertion of a title that ordinarily would result from
such a long continued possession?   There cannot be.   In
Irwin v. Cooper, 92 Pa. 298, it was said: "The court
below required the defendant to elect, whether he would
defend under a parol purchase or the statute of limi-
tations.   By this means, the defendant was deprived of
the latter defense......We see no sufficient reason why
a party claiming to hold under a parol sale may not set
up the statute to protect his title.   It might be a great
hardship if he could not do so."   In Nulton v. Nulton,
247 Pa. 572, Mr. Justice MESTREZAT said: "As already
pointed out the purpose of introducing evidence of the
parol gift was not to show title but merely to show the
hostile inception of McConnell Nulton's possession.
Title by a parol gift (sale) and title by the statute of
limitations are entirely separate and distinct, but both
may be introduced as a defense to an action of ejectment:
Irwin v. Cooper, 92 Pa. 298."   The peculiar facts that
appear in Miller v. Keene, 5 Watts 348, easily distinguish
that case from the one at bar and those we have just
cited.   If therefore the plaintiff never acquired any title

under his parol purchase, it was at least valuable as indicative of the character of the possession he thereafter maintained in the face of all of the world.

The able counsel for appellant has pressed upon us with much vigor the proposition that our own case of Prospect Dye Works v. Insurance Company, 33 Pa. Superior Ct. 223, "is on all fours with the case at bar and is conclusive thereof." We do not find the argument convincing. In that case the owner of a factory property had leased it to a corporation which entered into possession as his tenant. While so in possession the owner made a verbal offer to sell the property to the company on certain conditions, the performance of which required some time. No valuable consideration of any kind moved to the promisor or from the promisee. In anticipation of the completion of the proposal, the company procured a policy of insurance in its own name with loss payable to mortgagee clause and, before anything further was done by either party, a fire occurred a few days later. Does it, can it logically follow that, because the company incurred no liability in that case, this defendant may say it is under no obligation to respond to its contract of indemnity? We cannot think so. We are of opinion therefore the testimony discloses ample warrant for the conclusion reached by the learned trial judge, to wit, that he could not declare, as matter of law, there had been a breach of the covenant in the policy as to the sole and unconditional ownership of the property insured.

We conclude the judgment entered in the court below rests upon a solid legal foundation and should not be disturbed. The assignments of error are overruled.

Judgment affirmed.