# Holmes et al., Appellants, *v.* Allemannia Fire Insurance Co.

*Insurance—Insurance policies—Title of insured—Insurable interest.*

In an action on an insurance policy, it appeared that the plaintiffs held the legal title to the insured property, and that they had executed a declaration of trust, in which they acknowledged that they held the property in trust for a church congregation. They procured an insurance on the property, taking the policy in their own names, which policy contained the following clause: "This entire policy shall be void......if the interest of the insured be other than unconditional and sole ownership." Subsequently the building erected on the lot was destroyed by fire, and suit was brought on the policy in the names of the plaintiffs, who held the title.

*Held:* That not being the owners of the property, the plaintiffs had no insurable interest and that if they held the property as trustees there should have been some intimation of that fact conveyed to the insurance company, and that under the circumstances, there could be no recovery on the policy.

Argued April 29, 1921. Appeal, No. 156, April T., 1921, by plaintiffs, from judgment of C. P. Allegheny County, July T., 1917, No. 2127, refusing to take off compulsory nonsuit in the case of William Holmes, Charles Morris and John W. Grant, v. The Allemannia Fire Insurance Company, a corporation. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit on a policy of insurance. Before EVANS, J.

The facts are stated in the opinion of the Superior Court.

At the trial the court entered a compulsory nonsuit, which it subsequently refused to strike off. Plaintiffs appealed.

*Error assigned* was the decree of the court.

*John F. Gloeckner,* for appellants.—The plaintiffs were holding the legal title as officials of the church and not as trustees, and they had an insurable interest in the premises: Crawford v. Gross, 140 Pa. 297; Woolford's App., 126 Pa. 47; Congregation Shaarai Shomayim, 22 Pa. Superior Ct. 356; Brown v. Lutheran Church, 23 Pa. 495; Singing Society v. Turnverein, 163 Pa. 265; Roberts v. Firemen's Ins. Co., 165 Pa. 55; Enyeart v. Farmers Fire Insurance Co., 65 Pa. Superior Ct. 425; Livingstone v. Boston Ins. Co., 255 Pa. 1.

*D. C. Jennings,* for appellee.—It is well settled that the failure to state the ownership of the property avoids the policy: Diffenbaugh v. Union Fire Ins. Co., 150 Pa. 270; Imperial Fire Insurance Co. v. Dunham, 117 Pa. 460; Ambrose v. Fire Insurance Co., 19 Pa. Superior Ct. 117; Duda v. The Home Insurance Co., 20 Pa. Superior Ct. 244.

The question is not whether the insured had an insurable interest, but whether he had the interest described in the policy: Schroedel v. Humboldt Fire Insurance Co., 158 Pa. 459; Bateman v. Lumbermen's Insurance Co., 189 Pa. 465; Moore v. Susquehanna Mutual Fire Insurance Co., 196 Pa. 30; Beddall v. Citizens Insurance Co., 28 Pa. Superior Ct. 600; Elliott v. Teutonia Insurance Co., 20 Pa. Superior Ct. 359.

OPINION BY TREXLER, J., July 14, 1921:

On November 6, 1921, the appellants took title to a property on Kirkpatrick Street, Pittsburgh. There is nothing upon the face of the deed to show that they had anything but the absolute title. They, however, executed a declaration of trust in which they acknowledged and declared that they held the property in trust for the use and benefit of the congregation of the Church of God and Saints of Christ in the City of Pittsburgh, Pennsylvania. They procured an insurance on the property, taking the policy in their own names. The policy con-

tained the usual clause: "This entire policy shall be void......if the interest of the insured be other than unconditional and sole ownership." Afterwards the building erected on the lot was destroyed by fire and suit was brought on the policy to recover the loss in the names of the plaintiffs who held the title. There is no question as to the status of the parties. The plaintiffs held the legal title and the property belonged to the religious organization. There seems, therefore, to be a clear violation of the provision of the policy. The parties bringing the suit have suffered no loss. Not being the owners of the property they had no insurable interest and if they held the property as trustees there should have been some intimation of that fact conveyed to the insurer. No interest in a third party was disclosed. It will do no good to review the cases upon which the appellant relies. In all of them there was some actual interest in the insured. Where there is an insurable interest and the loss therefore falls upon the party who takes out the insurance, the courts will carry out the purpose of the contract as far as possible, even though the insured may not have a perfect legal title to the property. Where the company has notice of the status of the plaintiff, the court will sustain the contract, but there is no proof, in this case that any one who was connected with the company had disclosures of the facts, and thus the company was not bound to know that the plaintiffs were not the real owners but were holding the title merely as trustees. This trouble could have been avoided entirely had the parties to the contract disclosed the nature of their ownership, but under the circumstances the court was undoubtedly right in holding that there could be no recovery on the policy. See Elliott v. Teutonia Ins. Co., 20 Pa. Superior Ct. 359; Schiavoni v. Dubuque F. & M. I. Co., 48 Pa. Superior Ct. 252.

The judgment is affirmed.