## Kanefsky *v.* National Commercial Mutual Fire Insurance Company, Appellant.

Argued November 9, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*J. Webster Jones,* for appellant.

*W. Belskin Ginsburg,* for appellee.

OPINION BY RENO, J., January 27, 1944:

In this action of assumpsit upon a fire insurance policy the court below dismissed the appellant's motion for judgment n.o.v. and entered judgment on the verdict for appellee.

The policy was issued on April 14, 1942, to Joseph Kanefsky, trading as the Amber Paper Stock Company, and covered a building occupied by the insured as a junk dealer. It contained, inter alia, the following provisions: "This entire policy shall be void, unless otherwise provided by agreement in writing added hereto,—Ownership, etc. (a) if the interest of the insured be other than unconditional and sole ownership; or (b) if the subject of insurance be a building on ground not owned by the insured in fee simple."

On the date when the policy of insurance was issued, record title to the real estate upon which the insured building was erected was in Kanefsky's wife. Kanefsky purchased the property with his own funds in 1934, but by a deed dated May 29, 1936, he conveyed it and other property to his wife. She testified that the conveyance was a gift and both testified that they had orally agreed that whenever he requested her to do so, she would reconvey the property to him. Meanwhile, he continued to occupy the premises, paid the taxes, repairs, insurance and the monthly instalments upon a mortgage thereon out of his own funds. He was the sole owner of the business he conducted there; he paid

no rent to his wife; and she exercised no control over the property or the business.

Thus, giving appellee the full benefit of all the facts and inferences favorable to him, his case comes to this: He was in possession of the property; title was in his wife; and there was a parol agreement between them that upon his request she would convey the property to him. He did not take possession *under* the parol agreement; he had possession before the agreement was made; and he paid no consideration for the agreement. At most he had a parol agreement with his wife that she would make a gift of the property to him at his request. In these circumstances, can he recover upon the policy?

The case is on all fours with, and the question is completely answered by, *Prospect Dye Works v. Federal Ins. Co.*, 33 Pa. Superior Ct. 223. There the owner offered to sell the insured a factory then in the insured's possession as the owner's tenant. The property was to be conveyed subject to a mortgage of $9,000 and an additional consideration of $18,000, secured by a second mortgage. No written contract was made; no part of the purchase money was paid; but the owner did convey the premises to the insured *after the fire*. The property had been insured by a policy issued to the tenant after the oral agreement was made. The comprehensive and exhaustive discussion of the applicable legal questions by Judge MORRISON is adequately summarized in the syllabus: "One who has entered into merely a parol contract to purchase real estate, which cannot be enforced under the statute of frauds, has no insurable interest in the property as an unconditional and sole owner, within the meaning of such words, in a policy of fire insurance." The case follows the general principle: "In order for the interest of a vendee under an executory contract to be regarded as that of 'unconditional and sole ownership,' within the

174

meaning of condition in a fire insurance policy, it is essential that the contract under which he holds be one which he may enforce. The interest of the vendee under an oral contract which under the statute of frauds is unenforceable' cannot be regarded as that of ·unconditional and sole ownership within such a condition; if, however, the vendee, pursuant to an oral contract, enters into possession and makes improvements or does other acts which under the doctrine of part performance take the contract from the operation of the statute of frauds, he is to be regarded as a sole and unconditional owner within the meaning of conditions of this kind in insurance policies": 29 Am. Jur. "Insurance" §603.

That the parol agreement upon which appellee stands is not enforceable scarcely needs demonstration. Assuming that he should file a bill in equity against his wife for specific performance upon her parol promise to convey the land without consideration, he would still be obliged to hurdle at least two insurmountable obstacles: (a) he did not take possession *after* the agreement was made; he had possession before and remained in possession; "evidence of possession taken before the alleged parol contract, is not sufficient to establish part performance": *Wright v. Nulton,* 219 Pa. 253, 257, 68 A. 707; and (b) he made no improvements or incurred other outlays which cannot be compensated in damages: *Rader v. Keiper,* 285 Pa. 579, 132 A. 824. Only if she overlooks or waives the legal obstructions lying in the way of enforcement, appears and confesses the agreement and does not set up the statute of frauds, can he secure specific performance; or, of course, she can voluntarily convey to him. But he has no legal right to a conveyance or to performance. He has merely a moral right and, as was said in the *Prospect* case, supra: "All definitions of an insurable interest import an interest which can be enforced at law or equity." Nor is he in position

to assert as did the insured in *Enyeart v. Farmers Fire Ins. Co.*, 65 Pa. Superior Ct. 425, (where the *Prospect* case is reviewed and distinguished), that he had been in open, notorious and exclusive possession for a period of twenty-five years; long enough, under the authorities there cited, to enable him to elect to stand either upon his parol contract or title by adverse possession under the statute of limitations.

For reasons fully explained in our cases, the clauses relating to unconditional and sole ownership and title are enforced. They have been enforced and recovery has been denied in many factual situations. The following cases are typical instances: *Porobenski v. American Alliance Ins. Co.*, 317 Pa. 410, 176 A. 205 (property held by husband and wife as tenants by the entireties insured in husband's name); *Bateman v. Lumbermen's Ins. Co.*, 189 Pa. 465, 42 A. 184 (pledgee of goods); *Schroedel v. Humboldt Fire Ins. Co.*, 158 Pa. 459, 27 A. 1077 (property held by husband and wife jointly insured in husband's name); *Diffenbaugh v. Union Fire Ins. Co.*, 150 Pa. 270, 24 A. 745 (wife's goods insured in husband's name); *Schloss v. Importers and Exporters Ins. Co.*, 83 Pa. Superior Ct. 426 (automobile held under bailment lease upon which last instalment was paid few days before loss); *Goldberg v. Knickerbocker Ins. Co.*, 82 Pa. Superior Ct. 302 (automobile held under bailment lease); *Chaney v. Farmer's Fire Ins. Co.*, 32 Pa. Superior Ct. 479 (husband's goods in possession of wife and daughter and insured in their name); *Holmes v. Allemannia Fire Ins. Co.*, 77 Pa. Superior Ct. 337 (church property insured in individual names of trustees); *Schiavoni v. Dubuque F. & M. Ins. Co.*, 48 Pa. Superior Ct. 252 (building and goods insured by lessees who owned goods but not building; no recovery for either); *Elliott v. Teutonia Ins. Co.*, 20 Pa. Superior Ct. 359 (machinery in possession of insured under option to purchase); *Duda v. Home Ins.*

*Co.* 20 Pa. Superior Ct. 244 (goods which the insured was required to leave upon premises at expiration of his lease).

The court below relied upon authorities which are based upon facts not present in this case. For example in *Livingstone v. Boston Ins. Co.,* 255 Pa. 1, 3, 99 A. 212, which is the principal prop for the conclusion of the court below, it was said: "Plaintiff testifies that she notified defendant's agent that the deed was to her and her husband jointly, and that the former policy had been so issued, also as to her husband's desertion, and that on the agent's advice the policy was made in her name." The agent denied this but the verdict of the jury settled that question. That case, therefore, falls in the line of cases which hold that if the company, or its agent, has knowledge of the facts concerning ownership or title when it issues the policy, it is estopped from denying liability: See *Clymer Opera Co. v. Flood C. M. F. Ins. Co.,* 238 Pa. 137, 85 A. 1111, and cases there cited. There is no allegation or evidence in the case at bar that the insurance company had knowledge of the fact that title to the premises was in appellee's wife. The other authorities cited by the court below rest upon facts not proven in this case or principles not here controlling.

The judgment is reversed and here entered for appellant.