## Alberici v. Safeguard Mutual Insurance Company

*Robert H. Malis*, for plaintiffs.
*Hugh M. Emory*, for defendants.

KELLY, *J.*, March 11, 1986 —This is an action for the proceeds of various policies of fire insurance issued by defendants covering the premises known as "The Jerry Lewis Theater" located at 247 Concord Road in Aston, Delaware County, Pa.

On May 9, 1977, co-plaintiff Joseph Alberici entered into an agreement of sale with Mary H. and John A. D'Ambro for the purchase of the Jerry Lewis Theater. The agreement contains no mention whatsoever of the interest of co-plaintiff, Theresa Alberici, in the property in question.

Subsequent to his execution of the agreement of sale, Joseph Alberici procured several policies of insurance from defendants covering the Jerry Lewis Theater. Co-plaintiff Theresa Alberici, who is the wife of plaintiff, Joseph Alberici, was listed as a named insured on three of the five fire insurance policies in question. On August 6, 1977, while the premises were still under agreement of sale and prior to settlement the theater was damaged in an in-

cendiary fire. Joseph Alberici submitted claims for damage to the building to the various defendants, representing under oath and in sworn statements of proof of loss that the cause and origin of the fire in question was unknown and that he was not in any way connected with procuring the incendiary fire.

Plaintiff, Joseph Alberici, was subsequently indicted by the federal government for fraud in using the United States mail to claim the insurance coverage from defendant. The government's evidence established that Joseph Alberici hired an individual to arrange for the theater to be set on fire and Joseph Alberici was ultimately convicted on one of those counts of fraud arising out of the fire at the Jerry Lewis Theater.

This matter comes before the court on the motion of co-plaintiff, Theresa Alberici, for partial summary judgment on the issue of defendants liability to her in connection with the involved policies of insurance. The matter is also before the court on defendant's motion for summary judgment.

Defendants contend that Theresa Alberici is absolutely barred from the enjoyment of the proceeds of the various policies of insurance for the reason that she possessed no insurable interest in the property covered at the time of the loss. Defendants further contend that the fraud of Theresa Alberici's husband, co-defendant Joseph Alberici is an absolute bar to Theresa's recovery of the proceeds in accordance with well established law recognizing that the wrong of one insured prevents enjoyment of policies proceeds by a co-insured who is the natural object of the guilty insured bounty. We agree with both contentions of defendants and therefore grant their motion for summary judgment and deny plaintiff Theresa Alberici's motion for partial summary judgment.

Under Pennsylvania law a criminal conviction of an insured for arson or fraud in connection with a fire-loss claim constitutes an absolute bar to the right of the insured to recover damages under the policy of insurance in a civil action. *Mineo v. Eureka Security Fire and Marine Insurance Co.*, 182 Pa. Super. 75, 125 A.2d 612 (1956); *General Electric Credit Corp. v. Aetna Casualty and Surety Co.*, 437 Pa. 463, 473 263 A.2d 448 (1970); *Hurett v. Stirone*, 416 Pa. 493, 206, A.2d 624 (1965); *Pennsylvania Turnpike Commission v. U.S. Fidelity and Guaranty Co.*, 412 Pa. 222, 194 A.2d 423 (1963). As, perhaps best stated in *Mineo v. Eureka Security Fire and Marine Insurance Co.*, supra, at 85-86:

"Whether the insureds set the fire or not is a question of fact which has been established beyond a reasonable doubt in court proceedings. Once this fact has been established, and the commonwealth, in whose hands rests the maintenance of public policy, has satisfied itself of the fact, why then should it permit its courts to be used by the insured in an effort to obtain reward for a crime which the commonwealth has already concluded he has committed?

"We have here the anomalous situation of the insured being fined and imprisoned by the commonwealth for an offense which through the aid of the commonwealth, they are now receiving rewards for having committed. There are undoubtedly inconsistencies which would be better to endure than to accept the available alternatives, but in a case such as this where this court, after holding the insureds guilty of setting the fire, now to approve a verdict for the recovery of the damage caused by the fire, we would create an inconsistency which would cause disrespect for our courts and legal processes.

"The insured have had their day in court with the opportunity to produce their witnesses, to examine

and cross-examine witnesses, and to appeal from the judgment and to be acquitted unless the evidence established their guilt beyond reasonable doubt.

"To now permit them to recover for the loss which they have been convicted of fraudulently causing would be against public policy. It would tend to destroy the confidence of the public in the efficiency of the courts; it would stir up litigation that would impress the public with the belief that the results of trials of the gravest nature were so uncertain that the innocent could not escape condemnation; and it would convince the public that the courts themselves would have no confidence in the judicial processes.

"We are of the opinion that when one is convicted of a felony and subsequently attempts to benefit from the commission, the record of his guilt should be a bar to his recovery."

In the case of *Breeland v. Security Insurance Company of New Haven,* 421 F.2d 918 (5th Cir. 1969), the court held that an insureds conviction for mail fraud under 18 U.S.C. §1341 for using the mails to submit a fraudulent claim under an insurance policy constitutes an absolute bar to the insureds' subsequent civil action under the policy of insurance. It is for these reasons that we feel that the summary judgment as to Joseph Alberici must be granted.

We also find that plaintiff, Theresa Alberici, is barred from recovering since at the time of the fire she had no insurable interest in the property for which insurance coverage was sought and granted. The record in this case reveals that co-plaintiff, Joseph Alberici, testified that his intent at the time of the agreement of sale was that the property was to be titled ultimately in the name of a corporation to

612

be formed after the agreement of sale was executed. That corporation was formed and took title to the property. Theresa Alberici has never had any interest in nor has she held any position in the corporation which ultimately took title to the property.

Since contracts of property insurance are essentially personal contracts of indemnity, if no loss is suffered, there can be no recovery. If the insured has no interest in the property, she sustains no loss by its destruction. 4 Appleman, *Insurance Law & Practice*, §212, p. 26. In order to recover, it is essential that the claimant show both an existing contract of insurance and insurable interest in the poperty. *Hartford Fire Insurance Company v. Carter,* 196 F.2d 992 (8th Cir. 1952). Additionally, it has been held that not only must an insured have an insurable interest at the time of the loss, but also at the time of acquisition of the policy of insurance. *Sweeney v. Franklin Fire Insurance Company,* 20 Pa. 337 (1853). An insurable interest must be an interest which the law will recognize and protect. The effect of the loss upon an insured may not be merely indirect, remote or inconsequential. *Kenefsky v. National Commercial Mutual Fire Insurance Company,* 154 Pa. Super. 171, 35 A.2d 766 (1944).

It has also been determined that a mere expectancy interest or option to re-purchase property conveyed to another, upon the occurrence of a certain contingency, does not create an insurable interest in real property. *Christ Gospel Temple v. Liberty Mutual Insurance Company,* 273 Pa. Super. 302, 417 A.2d 660 (1979), cert denied, 101 S. Ct. 362 (1979); *Van Cure v. Hartford Fire Insurance Company,* 435 Pa. 163, 253 A.2d 663 (1969). As can be seen from the sworn statement of Joseph Alberici, Theresa Alberici had absolutely no interest whatso-

ever in the property subject to this fire loss either at the time the insurance was acquired, on the date of loss, nor subsequently. Joseph Alberici merely asked the insurance agent to "put it [the policies] under her name too." Assuming arguendo that an insurable interest could be found in Theresa Alberici, this court would further deny recovery under plaintiffs second assertion. Such being the position that the conviction of Joseph Alberici for fraud in connection with procuring the instant fire loss does not preclude her recovery as an innocent co-insured. The courts of Pennsylvania have held to "the common law principle that a person will not be permitted to profit by his own wrong, particularly his own crime." *Griefer Estate,* 333 Pa. 278, 279, 5 A.2d 118, 119 (1939). More recently the Supreme Court of Pennsylvania has held that wrongful conduct bars the enjoyment of insurance proceeds to children, those who are the natural objects of wrongdoers bounty, *Giacobetti v. Ins. Placement Facility of Pa.* 500 Pa. 447, 457 A.2d 853 (1983). In *Giacobetti* the co-trustee arsonist was not only prevented from personally sharing in the proceeds of fire insurance policies, but also barred his children or issue beneficiaries under the trust who were the natural objects of his bounty. Such reasoning is applicable here. Theresa Alberici, the insureds' wife and natural object of his bounty must be barred from enjoying the proceeds of the insurance policy made payable by Joseph Alberici's wrongdoing.

This court holds that because plaintiff has not sufficiently demonstrated any insurable interest and even if such interest was demonstrated, plaintiff Theresa Alberici, would be precluded from enjoying the proceeds of her husbands wrongdoing.

We therefore make the following

## ORDER

And now, March 11, 1986, upon consideration of defendant's motion for summary judgment and memorandum attached thereto, upon consideration of the record in this matter, it is hereby ordered and decreed that judgment is entered against plaintiffs and in favor of defendants.

Plaintiff's motion for partial summary judgment is hereby denied.